**Ceicel D. BROWN and William D. Brown, Appellants,**

v.

**Thomas P. SCOTT, Appellee.**

**No. 71–1388.**

United States Court of Appeals, Eighth Circuit.

Jan. 28, 1972.

Rehearing Denied Feb. 23, 1972.

Amy Burkett, Biloxi, Miss., filed appendix and briefs for appellants.

Carlos B. Hill, Fayetteville, Ark., filed brief for appellee.

Before VAN OOSTERHOUT and STEPHENSON, Circuit Judges, and REGISTER, District Judge.

PER CURIAM.

The judgment dismissing plaintiffs' complaint for recovery of $33,995.91 allegedly loaned by plaintiffs' legator to defendant is affirmed on the basis of Judge Miller's memorandum opinion reported at 326 F.Supp. 332. The facts and controlling Arkansas law are fairly and adequately set out in such opinion.

Plaintiffs' complaint is based upon three checks delivered by plaintiffs' legator, D. A. Burkett, to defendant Scott which are asserted to represent loans made to Scott. Plaintiffs as residuary legatees have by operation of Burkett's will and by assignment of the executor succeeded to all interest of Burkett in this cause of action. Defendant by answer denied that he is in any way indebted to plaintiffs or their legator.

Much of plaintiffs' brief on appeal is devoted to an attack on the sufficiency of defendant's pleadings to permit reception of evidence to support defendant's contention that the checks delivered were intended as gifts, not as loans, and

**694**

that error was committed in denying plaintiffs' motions to dismiss and for summary judgment. We agree with the trial court that the asserted procedural errors lack merit.

This case was tried to the court without a jury. An essential element of plaintiffs' cause of action is that Burkett at the time he delivered the checks in controversy to the defendant, which checks were cashed by defendant, intended the transaction to be a loan. Evidence was offered by plaintiffs to establish that Burkett intended the transaction to be a loan. Defendant offered evidence to show the checks were intended to be a gift. Burkett by turning over the money to defendant by means of the checks either made a gift or a loan. The category in which the transactions here involved fall was the critical fact issue to be resolved by the court. The court in its opinion properly stated the elements of a gift inter vivos and upon the basis of conflicting evidence found the transactions relied upon by plaintiffs constituted gifts inter vivos—not loans, and that no indebtedness from defendant to Burkett arose out of such transactions.

█ We are not authorized to review cases de novo upon appeal. The clearly erroneous standard applies to fact findings made by the trial court in cases tried to the court without a jury. Rule 52(a), Fed.R.Civ.P.

█ Plaintiffs have failed to establish that the court's finding that no loan was made or intended by Burkett in the transactions here pertinent is clearly erroneous.

A careful review of the record satisfies us that the findings of fact made are supported by substantial evidence. Judge Miller points out in his opinion the supporting evidence upon which he relies. As pointed out in the trial court's opinion, the findings of fact made require dismissal upon the basis of the applicable Arkansas law.

The judgment of dismissal is affirmed.