POLEN, J.
Appellants, Summer S. Jasser, Lena S. Mamone, and Randall Lycke (collectively referred to as “appellants”), appeal the trial court’s final judgment in favor of ap-pellee, Karim Saadeh, ordering payment on a note to be made to Saadeh in the amount of $220,000 plus seven percent interest, equaling $276,661, and denying rehearing on the issue. We affirm the trial court’s order requiring the full payment to be made on demand, pursuant to a joint pretrial stipulation between the parties.
Saadeh’s complaint alleged that appellants executed and delivered a promissory note to Saadeh in the amount of $220,000 on July 26, 2007. The note was for the *884 purchase of an investment property in Palm Beach Gardens. The note provided that the full amount was due upon the sale of the house, but did not contain a date of maturity otherwise. The complaint alleged that the note was silent as to the date of maturity, so the note was due on demand. In a joint pretrial stipulation filed by all parties, it was agreed that
The Note is silent as to a date of maturity. By operation of law, the Note was therefore due on demand. The Note also recites that it is due when certain property was sold. Defendants were impliedly obliged to sell that property but have failed to do so in a reasonable time.
Written demand was mailed to appellants, but they did not repay their debt on the note.
After a non-jury trial the court ruled that section 673.1081, Florida Statutes, governed the payment, making it due upon demand. The final judgment provided that appellants were liable to Saadeh in the amount of $276,661.00. After appellants moved for rehearing and the motion was granted, a hearing was held and the trial court reaffirmed its final judgment. This timely appeal followed.
When a decision in a non-jury trial is based on findings of fact from disputed evidence, it is reviewed on appeal for competent, substantial evidence.... However, where a trial court’s conclusions following a non-jury trial are based upon legal error, the standard of review is de novo.
Acoustic Innovations, Inc. v. Schafer, 976 So.2d 1189, 1143 (Fla. 4th DCA 2008). The determination that the failure to include a “definitive specific date of payment” made the note payable on demand was a legal conclusion reached by the trial court. Therefore, the standard of review on this particular issue is de novo. See Schafer, 976 So.2d at 1143.
Appellants argue that the trial court erroneously ruled that the note was payable on demand and claim the trial court misapprehended the language of the note. Saadeh contends that appellants already stipulated to the fact that the note was a demand note and that its silence as to the payment date supports the notion that the entire amount of the note was payable on demand. Section 673.1081, Florida Statutes, provides that a note is “payable on demand” if it “[d]oes not state any time of payment.” § 673.1081(l)(b), Fla. Stat. (2011). A note
is “payable at a definite time” if it is payable on elapse of a definite period of time after sight or acceptance or at a fixed date or dates or at a time or times readily ascertainable at the time the promise or order is issued, subject to rights of prepayment, acceleration, extension at the option of the holder, or extension to a further definite time at the option of the maker or acceptor or automatically upon or after a specified act or event.
§ 673.1081(2), Fla. Stat. (2011).
The joint pretrial stipulation demonstrated an agreement between the parties to make the full amount payable on demand because the note was otherwise silent as to the date of maturity. As such, we affirm the trial court’s final judgment and hold that entry into the pretrial stipulation binds the parties to the terms set forth in the stipulation.

Affirmed.

GROSS and LEVINE, JJ., concur.