PER CURIAM.
This is an appeal from a final judgment for the defendants rendered by the Circuit Court for Palm Beach County, Florida, in an action on a promissory note tried without a jury.
It appears from the record that the plaintiff, Commerce National Bank, sold the defendants William E. Van Denburgh and Frances E. Van Denburgh a 1968 automobile. The defendants executed in payment of the purchase price a promissory note in the face amount of $4,856.76. The note called for monthly payments of $134.91. To secure the repayment of the note the bank apparently had a security interest in the automobile, but the security interest is not involved in this action which is solely on the note.
Approximately one year later, the defendants transferred the automobile to a person by the name of Insero who assumed the obligation of the note. Insero subsequently defaulted on the note and departed with the automobile. The bank through one of its officers, Mr. Frederick H. Kim-bel, apparently assisted in the transfer of the vehicle from the defendants to Insero and directed the execution by Insero of the assumption agreement.
*269 The defendant William Van Denburgh testified that after Insero offered to buy the automobile, he (Van Denburgh) contacted Mr. Kimbel at the bank regarding the transfer. Mr. Van Denburgh testified that prior to signing the title certificate to the vehicle he had a telephone conversation with Mr. Kimbel in which Mr. Kimbel asked, “You are not planning to sign for him, are you?” (reference is to Insero). Mr. Van Denburgh replied, “No.” Mr. Kimbel then said, “I wouldn’t let you.”
Mr. Van Denburgh said that after the car was delivered to Insero, he (Van Den-burgh) received no notice of any default on the note payments. Then somewhat inconsistently Mr. Van Denburgh testified that he received twenty-five telephone calls from the bank between the time Insero left town and the time the suit was commenced. During the course of these calls the bank told Mr. Van Denburgh that Insero was in default.
Mrs. Frances Van Denburgh, the wife of defendant William Van Denburgh, testified that on the day she and her husband signed the papers at the bank to effect the transfer of the automobile to Mr. Insero, she said to Mr. Kimbel, “ * * * We are not responsible for this, car now in any way,” and he said, “Absolutely not.”
Mr. Kimbel testified that the bank never took title to the automobile after it originally sold the vehicle to Mr. Van Den-burgh. He said the bank would not have loaned Insero the amount that- was due on the automobile at the time of the sale from Mr. Van Denburgh to Insero because of the latter’s lack of credit. Mr. Kimbel denied any recall of the statement attributed to him by Mrs. Van Denburgh.
The appellant has raised for our consideration three points on appeal. We believe that only the appellant’s third point has merit. As stated by the appellant, its third point is:
“The trial court erred in finding for the defendants on the basis of the Cahill case in that there was no adequate basis on which to find fraud, and later Florida cases would indicate the Cahill case is inapplicable to the present facts.”
In Professional Insurance Corporation v. Cahill, Fla.1956, 90 So.2d 916, the Florida Supreme Court had before it a proceeding in the nature of certiorari to review an order of the trial court striking a defense filed by the defendant Professional Insurance Corporation in an action by the plaintiff, W. A. Cahill, for an accounting. Mr. Cahill had formerly been employed by the defendant under a written contract of employment which provided that upon termination of employment Cahill would receive a certain portion of the renewal premiums on insurance he previously sold. The written contract stated that it could not be modified except by an instrument in writing. Cahill’s complaint alleged that the written contract was modified by a subsequent oral agreement between himself and the defendant which subsequent agreement had been performed by himself, but not the defendant. In response the defendant set up as an affirmative defense the written contract and also its own version of the oral modification which differed drastically from that alleged by the plaintiffs.- The affirmative defense was stricken. The issue on appeal was the propriety of the trial court’s action in striking the defense. The Supreme Court held that under certain circumstances a written contract, even though containing a clause specifically prohibiting an alteration except by written instrument, may be altered or modified by parol agreement. It concluded that Cahill was entitled to plead and prove the parol modification of the written agreement and, conversely, the defendant was also entitled to prove by way of defense its own version of the oral modification.
It is reasonable to assume from the citation of this case in the final judgment that the trial court found that the plaintiff and defendants entered into a parol agreement to modify the promissory note. In our opinion this reflects a judicial error because there was no testimony that would *270 indicate that the conduct of the parties manifested an intent to create an oral agreement of this nature and for the additional reason that a release of the defendants by a subsequent agreement between the parties was never pled by the defendants as an affirmative defense. See Rule 1.110(d), RCP, 30 F.S.A.
Because there is a presumption in favor of the trial judge’s conclusion and our duty to affirm if there is any basis on which to do so, we have considered whether or not the representations of the bank through its officer, Mr. Kimbel, estopped the bank from asserting defendants’ personal liability on the note. Equitable es-toppel may be applied where the representations of one party reasonably lead another to believe in a certain state of affairs and in reliance on such representations the latter changes his position to his detriment. Under those circumstances the person whose representations caused the other to change his position may not later assume a position inconsistent with the state of affairs in which he has intentionally caused the other to believe. Equitable estoppel may constitute a defense of both legal and equitable claims. State ex rel. Watson v. Gray, Fla.1950, 48 So.2d 84; Quality Shell Homes & Supply Company, Inc. v. Roley, Fla.App. 1966, 186 So.2d 837; Robertson v. Robertson, Fla.1952, 61 So.2d 499, 504; and Jarrard v. Associates Discount Corporation, Fla.1957, 99 So.2d 272, 277.
An essential fact to support an estoppel is a change of position by the person claiming the estoppel which was made in reliance on the representations or conduct of the person against whom the estop-pel is asserted. Jerrard v. Associates Discount Corporation, supra. In the present case there is no satisfactory evidence of a change of position by the defendants in reliance on the representations allegedly made by Mr. Kimbel to the defendants at or about the time the vehicle was transferred to Mr. Insero. For all that appears in the record, the defendants would have transferred the vehicle to Insero in the same manner even if those representations had not been made. The defendants alleged in their affirmative defenses and argue in their brief that their reliance took the form of a failure to check on Insero’s payments on the note and to take measures to protect the security, i. e., the automobile. The evidence, however, failed to indicate anything which the defendants could and would have done to have prevented the default and protected the security had they thought themselves liable on the note. Therefore, the evidence does not causally relate the defendants’ failure to act to the alleged representations of plaintiff’s agent and thus demonstrate that such failure to act was a “change” of position in reliance on such representations. We are, therefore, of the opinion that estoppel has not been proved and cannot be a basis for sustaining the final judgment of the trial court.
The judgment is reversed and the cause is remanded with instructions to enter a judgment for the plaintiff and against the defendants for the balance due on the note with interest, and a reasonable attorney’s fee for services in the trial court.
REED, C. J., and CROSS and OWEN, JJ., concur.