**BARNWELL & HAYS, INC., Appellant,**

v.

**Glen T. SLOAN, Appellee.**

**No. 77–1016.**

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 18, 1977.

Decided Oct. 25, 1977.

Jay W. Dickey, Jr., Pine Bluff, Ark., filed appendix, brief and appearance for appellant.

John G. Lile, III, Pine Bluff, Ark., filed brief and appearance for appellee.

Before BRIGHT, STEPHENSON and HENLEY, Circuit Judges.

PER CURIAM.

This diversity case involves an alleged breach of a contract for the sale of cotton. On February 21, 1973 defendant-appellee Glen T. Sloan, a cotton farmer, contracted to sell all the cotton grown on two hundred acres during the crop year 1973 to Stone

Cotton Company. Stone Cotton Company subsequently assigned all its interest in the contract to plaintiff-appellant Barnwell & Hays, Inc. Defendant performed the contract in full until December, 1973. At that time defendant contacted Sherman Stone, agent of Stone Cotton Company, and informed him that the cotton gin which defendant had been using had been destroyed by fire. Defendant contends that during this discussion Sherman Stone said that if defendant would bring in ten or twelve more bales of cotton, the contract would be considered fulfilled. Sherman Stone denies making any such statement. Defendant delivered twelve more bales of cotton to Stone. Thereafter defendant sold sixty-four or sixty-five bales of cotton to other buyers at prices substantially higher than those paid by Stone.

Upon learning of this, plaintiff filed the instant complaint against defendant and Stone Cotton Company, seeking damages of $11,200.00 for the undelivered bales of cotton. Stone Cotton Company was later dismissed from the lawsuit. Trial was had to a jury, which returned a verdict in favor of defendant. Plaintiff filed this timely appeal, alleging (1) that the district court erred by allowing defendant to introduce evidence on the affirmative defense of waiver, because it was not raised in the pleadings, and (2) that the district court erred in denying plaintiff's motion for a directed verdict[1] because the alleged waiver was not in writing and not supported by consideration.

*Pleading of Waiver.*

In answer to plaintiff's amended complaint, defendant filed an answer containing the following language:

2. Defendant Glen T. Sloan delivered to Stone Cotton Company, Inc., 231 bales of cotton pursuant to said agreement mentioned above, and defendant states that such delivery constituted complete compliance and fulfillment of the agreement between the parties as modified by a verbal agreement entered into on or about December 8, 1973, between defendant Glen T. Sloan and Stone Cotton Company, Inc.

Plaintiff contends that the "verbal agreement" language is insufficient pleading of the affirmative defense of waiver under Fed.R.Civ.P. 8(c).

Waiver is an affirmative defense which must be affirmatively pleaded. Fed. R.Civ.P. 8(c); *Phoenix Assur. Co. v. Appleton City, Missouri,* 296 F.2d 787, 792 (8th Cir. 1961); *Pfaudler Co. v. American Beef Packing Co.,* 338 F.Supp. 701 (S.D.Iowa 1972). Defendants' answer did not contain the word "waiver." The failure to use this specific terminology, however, does not necessarily mean that the answer did not raise the affirmative defense. In *Mutual Creamery Ins. Co. v. Iowa Nat'l Mutual Ins. Co.,* 427 F.2d 504 (8th Cir. 1970), the defendant's answer referred to a second insurance policy replacing the original policy and described it as a "legal novation." We held that pleading sufficient to raise the affirmative defense of ratification, although the term "ratification" was not employed. *Id.* at 507. *See also Brown v. Scott,* 326 F.Supp. 332, 334 (W.D.Ark.1971), *aff'd,* 454 F.2d 693 (8th Cir.), *cert. denied,* 409 U.S. 846, 93 S.Ct. 50, 34 L.Ed.2d 86 (1972) (denial of indebtedness sufficient to raise defense of gift).

In this case, it is clear that the allegation of a "verbal agreement" in the answer was sufficient to apprise the plaintiff of defendant's intention to rely on this transaction as a defense. Indeed, plaintiff, in its case-in-chief, introduced testimony from Sherman Stone denying that he had made any such verbal agreement with defendant. Similar testimony was elicited during plaintiff's di-

---

1. Plaintiff's brief could also be interpreted as an attack on the court's instructions. These instructions were given without specific objection and absent circumstances not presented here, we shall not review them. *See* Fed.R. Civ.P. 51; *Wilson v. Crouse-Hinds Co.,* 556 F.2d 870, 875 (8th Cir. 1977) (en banc).

rect examination of William Grehan. Plaintiff's allegation of surprise is thus belied by the record.

■ The Federal Rules were designed to liberalize pleading requirements. *See Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959); *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). To hold that defendant's answer was insufficient to inject the issue of waiver into the case would impose a requirement of undue formalism which is inconsistent with that liberal purpose.

*Directed Verdict.*

■ Plaintiff next contends that the district court erred in denying its motion for a directed verdict. The essence of plaintiff's claim is that, even assuming the existence of an oral agreement as alleged by defendant, the agreement is not enforceable because it is not in writing and not supported by consideration. Plaintiff did not raise the Statute of Frauds issue in the district court. Accordingly, we shall not pass upon that claim for the first time on this appeal. *See, e. g., Cato v. Collins*, 539 F.2d 656, 662 (8th Cir. 1976); *Harris v. Zurich Ins. Co.*, 527 F.2d 528, 532 (8th Cir. 1975). In regard to the claimed lack of consideration, we are satisfied that no consideration was required to support the waiver or modification of contract relied on by the defendant. *See* Ark.Stat.Ann. § 85–2–209(1).

The judgment is affirmed.