# Jerome F. Tennien v. Town of Pittsford

[404 A.2d 111]

No. 339-78

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed June 5, 1979

*Ryan Smith & Carbine, Ltd.*, Rutland, for Plaintiff.

*John A. Facey, III,* of *Crowley, Banse & Kenlan,* Rutland, for Defendant.

**Larrow, J.** Plaintiff brought an action for a declaratory judgment and other relief against the defendant Town, assignee of a contract between himself and Pittsford Aqueduct Company, entered into in 1965. Execution and assignment of the contract are undisputed, with the sole issue presented being the construction of the contract language. The trial court held the language unambiguous, refused to take evidence of extrinsic circumstances, granted plaintiff's motion for judgment on the pleadings and entered judgment for the plaintiff. We reverse and remand.

The issues presented are relatively narrow, and the parties are in general agreement on the applicable law. They agree that evidence of extrinsic circumstance is not admissible if, as a matter of law, the contract language is clear and unambiguous. *William Feinstein Brothers, Inc.* v. *L. Z. Hotte Granite Co.*, 123 Vt. 167, 170, 184 A.2d 540, 542 (1962).

Plaintiff says that the rule applies here, and defendant contends that it does not. Defendant further says that the conduct of the parties subsequent to the contract is admissible to show a modification; plaintiff urges that whatever the general accuracy of this contention, modification is an affirmative defense waived by failure to plead it. We consider these issues *seriatim*.

The contract, and the specific language here in issue, are brief. For a fifty year renewable term, plaintiff Tennien and his wife (now deceased) conveyed to Pittsford Aqueduct Company the right to use water from their Haskins Meadow property in Pittsford and to maintain a pipeline for that purpose. The place of use was unrestricted. In return, the Aqueduct Company agreed:

> 1) To furnish water, without charge, from the aqueduct system to the camp now on said Haskins Meadow, and an additional amoun [*sic*], also without charge, equal to what is normally needed for forty (40) cows.

The agreement inured to the benefit of heirs, administrators, successors and assigns of the parties.

The trial court construed this instrument, admittedly assumed by the defendant, as requiring delivery without charge to the plaintiff, his heirs, executors, administrators and assigns, at such locations as they might own within the Town of Pittsford, of an amount of water equal to what is normally needed for forty cows. It ordered recovery of payments made under protest, and enjoined future charges and shut-offs. It left unanswered, despite a request in the complaint, a determination of the amount of water involved, and made no requirement that the right to water in any way depends on actual existence of such cows. And, although the instrument referred to furnishing water without charge *from the aqueduct system*, it did not determine the extent of that system, either then or now. For reasons not apparent from the record, it evidently concluded that there was a duty to extend the system to service any properties of appropriate ownership within the Town of Pittsford.

■ ■ We are of the opinion that the judgment order cannot be sustained. The issue of quantity is one on which the parties were entitled to a determination, and it is not

even addressed. It could not, of course, be determined without evidence, a fact illustrating the danger inherent in granting motions for judgment on the pleadings which leave only some of the issues determined. The requirement for servicing properties within the Town of Pittsford cannot be drawn from the language of the instrument, which refers to furnishing "from the aqueduct system," the extent of which, then or now, is neither found nor conceded. And a furnishing of water for the normal needs of forty cows at the Haskins Meadow location *alone* is at least as consistent with the language of the instrument as a construction requiring such furnishing at *any* other location, or combination of locations. The order as entered would require furnishing of the required amount of water to any number or combination of locations, whether or not there was "a cow on the place." This would be true even though extension of the system were required to make such delivery. It is possible the parties intended this result, strained as it may be, but we cannot agree that such a construction is compelled by the terms employed. Indeed, it could be argued that the language used *precludes* such interpretation as a matter of law and requires a determination of these issues adversely to the plaintiff. We do not, however, decide that point. The defendant asks here only that the cause be remanded for the taking of evidence, extrinsic to the instrument, bearing upon the original intent of the parties. This is the *minimum* relief to which it is entitled, and we accord it.

As is often the case, the meager record presented for appellate review by a judgment on the pleadings does not clarify the issue with which we are dealing when we come to claimed conduct of the parties after the making of the contract. There was, as plaintiff claims, no pleading with respect to such conduct, but only a contention, in a submitted memorandum not replied to, that conduct over a period of years either modified the contract or demonstrated that the parties had placed upon it a different interpretation than the one now contended for by the plaintiff. There is at least one indication that payment by the plaintiff over a period of years without protest formed the basis for some of the argument. If a modification is claimed on the basis of such

evidence, we agree with plaintiff that such modification is an affirmative defense, *Barnwell & Hays, Inc.* v. *Sloan,* 564 F.2d 254 (8th Cir. 1977), required to be pleaded under V.R.C.P. 8(c). If offered solely for its effect as an admission of contrary construction by the plaintiff, or as evidence of the construction placed upon the ambiguous contract by the parties, such pleading would not be required. In any event, we think that the present posture of this case, coupled with the manner of disposition in the trial court, clearly dictates application of V.R.C.P. 15(a) upon remand, and that justice here demands that leave to amend be granted, if sought.

■ We are convinced that the unusual nature of the agreement here in question, the inartistic draftsmanship by one or both of the parties and the lack of clarity in its salient provision make it ambiguous. Substantial justice between the parties cannot be achieved without an evidentiary hearing on (a) extrinsic circumstances affecting the intent of the parties, and (b) subsequent conduct which may manifest a clearer understanding, between themselves, of those provisions not adequately expressed in the written instrument.

*Reversed and remanded.*