969 So.2d 1077 (2007)
BSP/PORT ORANGE, LLC., Broad Street, etc., et al, Appellants,
v.
WATER MILL PROPERTIES, INC., Appellee.
No. 5D06-2905.
District Court of Appeal of Florida, Fifth District.
October 19, 2007.
Rehearing Denied December 12, 2007.
*1078 John H. Dannecker, Stephen T. Maher and Jennifer P. Sommerville, of Shutts & Bowen, LLP, Orlando, for Appellants.
Robert W. Rasch of Robert W. Rasch, P.A., Altamonte Springs, for Appellee.
PLEUS, J.
This appeal involves a claim for real estate commissions based on an oral agreement. The total property was to be purchased in three phased closings. The oral agreement contemplated a 5% commission payable to appellee in connection with each of the three closings. The trial court granted summary judgment in favor of the appellee and then final judgment thereupon.
We affirm the entry of summary judgment. The appellants maintain that they presented evidence by way of deposition and affidavit that the oral agreement had been modified but that affirmative defense was never pled by them. See Fla. R. Civ. Pro. 1.110(d). See also Mark Leach Health Furniture Co. v. Thal, 143 So.2d 64 (Fla. 2d DCA 1962). Testimony in a deposition and averments in an affidavit in opposition to summary judgment are insufficient to raise an affirmative defense which was not itself pled. See Accurate Metal Finishing Corp. v. Carmel, 254 So.2d 556, 557 (Fla. 3d DCA 1971). "At a summary judgment hearing, the court must only consider those issues made by the pleadings." Reina v. Gingerale Corp., 472 So.2d 530, 531 (Fla. 3d DCA 1985).
We reject the contention that the defense of modification was tried by the consent of the parties. During the summary judgment hearing, both appellee's counsel and the trial court expressly noted the failure of appellants to plead modification as an affirmative defense. Those affirmative defenses which were raised were either rebutted by the appellee or were insufficient to preclude entry of summary judgment.
The final judgment, however, must be reversed and remanded. The appellee failed to demonstrate a legal basis for the individual liability of appellant Walsh. As to Walsh, the judgment is reversed. The judgment erroneously calculates prejudgment interest at 11% instead of at the applicable 7% rate. § 55.03, Fla. Stat.; Trawick, Fla. Prac. & Proc. § 25-12.2 (note 4). On remand, the corrected prejudgment interest should be recalculated.
AFFIRMED IN PART; REVERSED IN PART; REMANDED.
LAWSON, J., and REINMAN, M., Associate Judge, concur.