DAVIS, Judge.
 

 Vandy E. Paulk, the Mother, challenges the trial court’s final judgment of modification of custody vacating the rotating custody arrangement of the final judgment of dissolution and awarding primary residence to Ronald L. Paulk, the Father. Because the Father’s petition for primary residence was not before the court at the time of the hearing, the trial court erred in granting such relief. We reverse.
 

 The marriage of the Mother and the Father was dissolved by final judgment on June 25, 2003. The final judgment of dissolution incorporated the terms of the marital settlement agreement, which included a rotating custody plan. The agreement also included a provision that “both parents agree not to change the children’s schools or move the children from the area without the other parent’s permission.”
 

 In June 2004, the Father agreed to sign a consent allowing the Mother to move with the children to Highlands County. Because of the distance between the two residences, this necessarily ended the rotating custody plan and created a de facto primary residence with the Mother — relegating the Father’s role to that of the visiting parent. On July 15, 2005, the Father filed a motion to enforce the final judgment of dissolution. By this motion, he asked that the court order the Mother to return to Pasco County with the children so that the rotating custody plan could be followed. In response to this motion, the Mother filed a petition to modify the final judgment, asking that the trial court name her the primary residential parent and establish a visitation schedule for the Father. She also requested that she and the children be allowed to continue to reside in Highlands County, alleging that a substantial change had occurred when, with the Father’s written consent, she moved the children to Highlands County, where they had lived for more than a year.
 

 On April 27, 2006, the Father filed a petition to modify custody, asking that he be named the primary residential parent. Because the Father failed to obtain proper service of his pleading on the Mother, he subsequently filed an amended petition to modify custody. However, he again failed to obtain proper service.
 

 The case proceeded to final hearing in August 2007. At the outset of that hearing, a discussion was held as to the status of the Father’s petition to modify custody. In reviewing the pleadings, the trial court instructed the Father, who appeared pro se, as follows:
 

 [T]here is no summons now that has been successfully served. Therefore, while you are free to properly have a summons issued to her individually, to be served on her individually or a resident of her household that is considered lawfully of age, I can’t proceed today on your amended supplemental petition to modify custody and time sharing.
 

 That does, however, leave us with whether she’s going to succeed — as I recall, she’s trying to move or moved—
 
 *674
 
 as to whether or not she’s going to succeed.
 

 The trial court further advised the Father, “[I]f she doesn’t win, then ya’ll are left where you were, unless you succeed at a later time with your amended supplemental petition.” The trial court subsequently clarified the purpose of the hearing, stating, “Now I’m going to address what’s going to happen with the kids and your respective contacts, which is both the Court considering [the Mother’s] request for there to be a change and [the Father’s] request to enforce what was in place.” Based on these comments, we conclude that the Father’s petition for modification was not before the trial court at the hearing, but rather that the Mother’s petition and the Father’s motion to enforce the rotating custody plan were the only issues to be tried.
 
 [1]
 

 The trial court proceeded to take testimony on the Mother’s petition to modify the final judgment. In doing so, the Father was able to present to the court testimony regarding certain deficits in the care the Mother was providing to the children. At the conclusion of the hearing, the court made certain factual findings regarding the Mother’s poor parenting of the children. Then, despite the court’s earlier comments, it named the Father primary residential parent and set out the visitation schedule for the Mother, citing
 
 Wade v. Hirschman,
 
 903 So.2d 928 (Fla.2005), as instructive. In its written final judgment, the trial court did not specifically deny the Mother’s petition to modify or the Father’s motion to enforce the final judgment. Rather, it appears that the trial court concluded that by the Mother raising the issue of modifying the final judgment of dissolution regarding the rotating custody plan, she opened the door for the court to award the Father this designation even without his petition being heard at the hearing.
 

 This was error. The rotating custody plan of the final judgment is considered a custody determination, and res judi-cata attaches to that determination.
 
 See Wade,
 
 903 So.2d at 934-35. To modify that plan, the parties must meet the same requirement as is necessary to modify any other custody provision of a final judgment of dissolution, i.e., satisfaction of the substantial change test.
 
 Id.
 
 In this case, the trial court found that, as alleged by the Mother, the move to Highlands County was a substantial change that had occurred since the entry of the final judgment. However, the trial court already had ruled that the Father’s request for modification was not before the court and that the only issues to be addressed were the Mother’s petition to modify the final judgment of dissolution and the Father’s motion to enforce the original rotating custody plan. The final judgment of modification did neither, but rather named the Father primary residential parent — relief that he requested in a petition that was not yet before the court.
 

 Since this was beyond the trial court’s jurisdiction at that time, we must reverse. “A trial court lacks jurisdiction to enter any judgment on an issue not raised by the pleadings.”
 
 Newberry v. Newberry,
 
 831 So.2d 749, 751 (Fla. 5th DCA 2002);
 
 see also State, Dep’t. of Revenue ex rel. Arnold v. Collins,
 
 727 So.2d 1099 (Fla. 2d DCA 1999);
 
 Brady v. Jones,
 
 491 So.2d 1272 (Fla. 2d DCA 1986).
 

 The record indicates that the Mother’s counsel objected to the Father’s petition
 
 *675
 
 for modification being heard and that the issues raised in that petition were not tried by consent. Furthermore, the trial court did not make a finding that an emergency existed regarding custody, and it was more than a year before the order of modification was entered. Additionally, even if the court had made such a determination, the relief granted was not temporary in nature.
 
 See Scheer v. Scheer,
 
 132 So.2d 456, 458 (Fla. 3d DCA 1961) (noting that emergency circumstances might necessitate temporary custody orders absent the ordinary requirements of pleading and procedure). Accordingly, the trial court’s modification of the final judgment of dissolution’s custody provision without the issue being raised by the appropriate pleadings is reversible error.
 

 We acknowledge that our reversal of the final judgment of modification does potentially place these parties in a difficult situation. The reversal would necessarily reinstate the final judgment of dissolution and the rotating custody plan contained therein. With the Mother living in Highlands County and the Father living in Pas-co County, such a plan is unworkable.
 
 [2]
 
 It will, therefore, be incumbent on the trial court to address the temporary residence and visitation issues on an expedited schedule to provide continuity for the children until the Father’s motion for modification is properly heard.
 

 We note that the Mother’s secondary issue regarding the trial court’s failure to award, or otherwise reserve jurisdiction to award, attorney’s fees in the final judgment requires no additional consideration by this court in light of our reversal. On remand, the trial court may once again address any claims for attorney’s fees.
 

 Reversed and remanded with instructions.
 

 WHATLEY and SILBERMAN, JJ., Concur.
 

 [1]
 

 . The record before this court does not indicate whether the Father ever successfully served his petition for modification or whether it was entertained by the trial court at any hearing subsequent to the rendition of the order currently under review.
 

 [2]
 

 . At trial, the Mother indicated a willingness to move back to Pasco County if the trial court did not grant her requested modification.