PER CURIAM.
William Von Kuehlman (“Borrower”) timely appeals a Final Judgment of Foreclosure in favor of Bank of America, N.A. (“Lender”).[1] He raises five arguments, all of which rest on this Court’s legal determination of whether he entered into a valid modification of his mortgage. We agree that he did, and reverse the final judgment — which was premised upon the erroneous conclusion that the parties did not agree to modify the mortgage.
The following facts were established at trial by Lender’s representative and are not disputed. Lender offered Borrower a modification and the terms of the offer required him to accept it by a certain day. Borrower executed the agreement but returned it late, along with the first modified payment, which was also late. Borrower then made six additional payments in the modified amount, all of which were late, but which Lender accepted and deposited. At that point, Lender’s “investor” (Fannie Mae or Freddie Mac), which was not a party to the contracts, instructed Lender to “pull the plug on” (or “not accept”) the modification. Then, after accepting two additional modified payments, Lender accelerated the mortgage, gave Borrower an opportunity to cure based on the original mortgage, not the modification, and refused to accept additional modified payments. Lender sued alleging breach of the original note and mortgage.
Lender argues that no modification occurred because of Borrower’s late acceptance.[2] However, Borrower’s late acceptance of the modification operated as a counteroffer. See 2 Williston on Contracts §§ 6:56-6:57 (4th ed., updated May 2015); see also Grant v. Lyons, 17 So.3d 708, 710-11 (Fla. 4th DCA 2009) (“Acceptances can turn into counteroffers either by adding additional terms or not meeting the terms of the original offer.”). On these undisputed facts, we conclude as a matter of law that Lender accepted the counteroffer by a combination of its many months of silence and its acceptance of nine monthly payments in the amount specified in the modification agreement. Grant; 17 So.3d at 710-11; see also 2 Williston on Contracts §§ 6.1-6.3 (4th ed., updated May 2015). As argued by Borrower, because the parties entered a modification agreement following Borrower’s alleged breach of the original mortgage, Lender could only foreclose by alleging and proving a breach of the modification agreement. It failed to plead that theory. Nor was the theory tried by consent.
REVERSED.
LAWSON, C.J., TORPY and BERGER, JJ., concur.

. Bank of America succeeded BAC Home Loans Servicing, L.P., which succeeded the original lender, Countrywide Home Loans, Inc. Standing is not an issue. These entities are referred to collectively as "Lender.”

. Lender made a different argument below, contending that Borrower did not accept its modification offer because his monthly modified payments were all late. Borrower correctly countered that Lender was really arguing that Borrower breached the modification agreement, which Lender did not plead in its Amended Complaint.