NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

THE BANK OF NEW YORK MELLON )
f/k/a THE BANK OF NEW YORK, as )
Trustee for the Certificateholders of )
CWABS, INC., Asset-Backed Certificates, )
Series 2005-BC5, )
)
       Appellant, )
)
v. )    Case No. 2D15-1862
)
THEODORE E. BLOEDEL, JR., and )
SUE A. BLOEDEL, )
)
       Appellees. )
_____ )

Opinion filed July 27, 2016.

Appeal from the Circuit Court for Pinellas
County; Karl B. Grube, Senior Judge.

Erin M. Berger of Kelley Kronenberg,
Tampa, for Appellant.

Leslie M. Conklin, Clearwater, for Appellee
Theodore E. Bloedel, Jr.

No appearance for Appellee Sue A. Bloedel.

CASANUEVA, Judge.

The Bank of New York Mellon appeals a final judgment denying foreclosure. Following the presentation of the Bank's case, borrower Theodore E. Bloedel, Jr. moved for involuntary dismissal of the action.[1] The trial court determined that, as a result of the Bank's failure to comply with the provisions of paragraph twenty-two of the mortgage, dismissal was warranted.[2] At the time of the trial court's ruling, this court's opinion in Green Tree Servicing, LLC v. Milam, 177 So. 3d 7 (Fla. 2d DCA 2015), had not issued.

In Green Tree, this court held that the lender's adherence to the notice requirement set forth in paragraph twenty-two should be evaluated for substantial, rather than strict, compliance. 177 So. 3d at 13-15. We further explained that, "when the content of a lender's notice letter is nearly equivalent to or varies in only immaterial respects from what the mortgage requires, the letter substantially complies, and a minor variation from the terms of paragraph twenty-two should not preclude a foreclosure action." Id. 14-15.

In light of Green Tree and other recent case law applying a substantial compliance analysis to the paragraph twenty-two notice requirements, we find that the default notice in this case substantially complied with paragraph twenty-two of the mortgage. See Bank of New York v. Mieses, 187 So. 3d 919 (Fla. 3d DCA 2016); Bank

---

[1]Sue A. Bloedel did not defend the foreclosure action, and the clerk of court entered a default against her on January 13, 2014.

[2]Mr. Bloedel raised other bases for an involuntary dismissal, including the existence of a modification and the insufficiency of evidence to support the amounts due and owing. The trial court expressed concern over these issues but declined to address them, having ruled that the default notice required dismissal of the foreclosure.

- 2 -

of New York Mellon v. Johnson, 185 So. 3d 594 (Fla. 5th DCA 2016).  Accordingly, we reverse the final judgment denying foreclosure and remand for further proceedings.

Reversed and remanded.

WALLACE and CRENSHAW, JJ., Concur.