LUCAS, Judge.
Following the issuance of this court's opinion and mandate in Bank of New York Mellon v. Bloedel, 197 So.3d 147 (Fla. 2d DCA 2016), reversing a final judgment denying foreclosure, the circuit court convened a hearing to address an argument that was raised, but never pleaded or tried by consent, at the prior bench trial on The Bank of New York Mellon's (Bank of New York) complaint to foreclose a mortgage over Theodore E. Bloedel, Jr.'s home.[1] The court then granted Mr. Bloedel's motion for involuntary dismissal and entered a second final judgment denying foreclosure, which Bank of New York now appeals. For the reasons we explain below, we must again reverse the circuit court's judgment.
I.
The March 2015 trial in this case was succinct. Bank of New York presented the only witness, Dianne Chalmers, who worked for Bank of New York's servicer.[2] Through Ms. Chalmers, Bank of New York introduced evidence of a power of attorney, a certified copy of a pooling and servicing agreement, a mortgage loan schedule, copies of Mr. Bloedel's promissory note and mortgage, servicing records and payment history, and a notice of intent to accelerate along with a copy of a certified *1166 mailing receipt. Concerning the payment history of Mr. Bloedel's loan, Ms. Chalmers discussed how the computation of Mr. Bloedel's default was determined. Of note for purposes of this appeal, Ms. Chalmers mentioned that the servicer received five payments that appeared to reflect reduced payments from Mr. Bloedel as part of what was, apparently, a three-month "trial" modification agreement concerning Mr. Bloedel's loan.
As it happened, this was the first time any reference to a trial modification agreement had surfaced in the course of this litigation. Mr. Bloedel had never raised the issue of modification in his answer or affirmative defenses. Nevertheless, seizing on the discovery, Mr. Bloedel's counsel argued to the circuit court that Bank of New York's complaint should be involuntarily dismissed. Pertinent here, Mr. Bloedel posited that dismissal was warranted because of the failure of the bank to offer the written modification agreement into evidence, its failure to plead and prove the existence of a valid loan modification agreement, and its failure to attach the written loan modification agreement to its complaint under Florida Rule of Civil Procedure 1.130(a).
Originally, the circuit court expressed concern about, but did not rule upon, any of these arguments, a point we noted in our earlier Bloedel opinion. See 197 So.3d at 147 n.2. Rather, the circuit court's first judgment denying foreclosure centered on Mr. Bloedel's challenge to the sufficiency of Bank of New York's default notice to Mr. Bloedel. That ruling, we held, was erroneous because the court did not have the benefit of our opinion in Green Tree Servicing, LLC v. Milam, 177 So.3d 7 (Fla. 2d DCA 2017), at the time it issued its judgment. Bloedel, 197 So.3d at 147-48.
On remand, the matter of the trial modification agreement came back before the circuit court on Bank of New York's Motion for New Trial Pursuant to Appellate Mandate and Mr. Bloedel's request for the court to rule upon his previously asserted alternative grounds for involuntary dismissal. A hearing was convened on March 2, 2017, during which the parties presented argument but no further evidence, relying instead on their recollections of what transpired at the March 2015 trial. On April 3, 2017, the circuit court granted Mr. Bloedel's motion for involuntary dismissal and rendered its second final judgment denying foreclosure, the judgment that is the subject of the present appeal.
In this second judgment, the circuit court concluded that rule 1.130(a)"required that a copy of the loan modification agreement be attached to the complaint." Furthermore, citing Kuehlman v. Bank of America, N.A., 177 So.3d 1282 (Fla. 5th DCA 2015), and Nowlin v. Nationstar Mortgage, LLC, 193 So.3d 1043 (Fla. 2d DCA 2016), the court determined that Bank of New York "could only foreclose by alleging and proving a breach of the modification agreement, which was not done here." Finally, the court found that without the trial loan modification agreement in evidence, Bank of New York's testimony and documents concerning the amounts Mr. Bloedel owed under the promissory note had insufficient foundation and evidentiary support.
In short, the circuit court perceived Bank of New York's failure to allege, proffer, and account for the issue of a trial modification agreement, an issue that first arose during a witness' cross-examination at trial, to be fatal to its right to foreclose on its mortgage. Under these facts, we must disagree.
II.
We begin with the oft-repeated observation that issues not raised within the pleadings of a civil controversy are ordinarily deemed waived. See *1167 Fla. R. Civ. P. 1.140(h)(1) ("A party waives all defenses and objections that the party does not present either by motion under subdivisions (b), (e), or (f) of this rule or, if the party has made no motion, in a responsive pleading except as provided in subdivision (h)(2)."); Gordon v. Gordon, 543 So.2d 428, 429 (Fla. 2d DCA 1989) ("An issue that has not been framed by the pleadings, noticed for hearing, or litigated by the parties is not a proper issue for the court's determination."); Heartwood 2, LLC v. Dori, 208 So.3d 817, 821 (Fla. 3d DCA 2017) ("It is well-settled law in Florida that affirmative defenses not raised are waived."); Airport Plaza Ltd. v. United Nat'l Bank of Miami, 611 So.2d 1256, 1257 (Fla. 3d DCA 1992) ("It was improper to introduce at trial issues not previously raised in the pleadings."); cf. Bank of Am., Nat'l Ass'n v. Asbury, 165 So.3d 808, 809 (Fla. 2d DCA 2015) ("Litigants in civil controversies must state their legal positions within a particular document, a pleading, so that the parties and the court are absolutely clear what the issues to be adjudicated are."). Indeed, we have held "[a] trial court lacks jurisdiction to enter any judgment on an issue not raised by the pleadings." Paulk v. Paulk, 25 So.3d 672, 674 (Fla. 2d DCA 2010) (quoting Newberry v. Newberry, 831 So.2d 749, 751 (Fla. 5th DCA 2002) ).[3]
Mr. Bloedel does not appear to dispute any of these tenets. To some degree he embraces them, as he argues that it was Bank of New York, not he, which fell short of the pertinent pleading requirements. But in our opinion, Mr. Bloedel misapprehends the nature of the issue (such as it was) of the temporary loan modification agreement in this litigation. In fact, he has the matter entirely turned around.
The effect of a modification to a legal agreement, to the extent it would constitute an avoidance of all or part of a defendant's liability under the agreement, is an affirmative defense that must be pled and proven by the defendant. See Fla. R. Civ. P. 1.110(d) ("[A] party shall set forth affirmatively ... any other matter constituting an avoidance or affirmative defense."); BSP/Port Orange, LLC v. Water Mill Props., Inc., 969 So.2d 1077, 1078 (Fla. 5th DCA 2007) (holding that an alleged modification to an oral commission agreement was an affirmative defense that had to be pled); F.M.W. Props., Inc. v. Peoples First Fin. Sav. & Loan Ass'n, 606 So.2d 372, 378 (Fla. 1st DCA 1992) (Ervin, J., specially concurring) (collecting cases from other jurisdictions that modification is an affirmative defense and concluding that "[a]lthough the evidence in the record at the time of the summary judgment hearing demonstrated the existence of a disputed issue of fact, appellants waived this issue by failing to plead modification as an affirmative defense"); Commerce Nat'l Bank v. Van Denburgh, 252 So.2d 267, 269 (Fla. 4th DCA 1971) (reversing trial court's judgment in favor of defendants on modification agreement to a promissory note because of lack of evidentiary support and "for the additional reason that a release of the defendants by a subsequent agreement between the parties was never pled by the defendants as an affirmative defense").[4] As *1168 such, if Mr. Bloedel wished to be heard on the effect that a modification agreement (temporary or otherwise) might have had upon Bank of New York's claim, it fell to him-not the bank-to frame that defense within his pleadings. He failed to do so. It was error for the circuit court to take that pleading burden from Mr. Bloedel and ascribe it to Bank of New York.[5] See BSP, 969 So.2d at 1078 ; F.M.W. Props., 606 So.2d at 378 ; Van Denburgh, 252 So.2d at 269.
So, too, Mr. Bloedel's pleading failure precluded the circuit court's determination that without the temporary modification agreement in evidence, the Bank of New York could not sufficiently establish the amounts that were due and owing under Mr. Bloedel's note. Wolowitz v. Thoroughbred Motors, Inc., 765 So.2d 920, 923 (Fla. 2d DCA 2000) ("Since the defense was waived, it should not have been considered by the trial court, much less used as the basis for granting summary judgment."
*1169 ); Boca Golf View, Ltd. v. Hughes Hall, Inc., 843 So.2d 992, 993 (Fla. 4th DCA 2003) ("The trial court erred when it relied on a defense not raised by the pleadings to grant the motion for involuntary dismissal."). Here as well, any diminishment of Mr. Bloedel's obligation under a purported temporary modification agreement could only have been broached through a properly pleaded defense or a consent to have the issue adjudicated at the trial. See BSP, 969 So.2d at 1078 ; F.M.W. Props., 606 So.2d at 378 ; Van Denburgh, 252 So.2d at 269. To the extent the circuit court was persuaded that the brief reference to a trial modification agreement somehow colored the persuasiveness of Bank of New York's otherwise undisputed evidence (again, Mr. Bloedel did not put on a case in his defense), that, too, was error insofar as the court's judgment was premised on an involuntary dismissal of Bank of New York's complaint. See Capital Media, Inc. v. Haase, 639 So.2d 632, 633 (Fla. 2d DCA 1994) ("[O]n a motion for involuntary dismissal, made at the close of the plaintiff's case in a nonjury trial, a trial court is limited to determining whether or not the plaintiff has made a prima facie case. Tillman v. Baskin, 260 So.2d 509 (Fla. 1972), and State, [Dep't] of Health and Rehabilitative [Servs.] v. Thibodeaux, 547 So.2d 1243 (Fla. 2d DCA 1989). The court in making such a determination can neither weigh the evidence nor consider the credibility of witnesses. Saporito v. Madras, 576 So.2d 1342 (Fla. 5th DCA 1991).").
The circuit court's inversion of who must plead the issue of modification appears to have proceeded from how the court read the closing lines of a relatively brief per curiam opinion from the Fifth District. We take this opportunity to clarify what, we believe, that holding properly stands for in our district. In Kuehlman v. Bank of America, N.A., 177 So.3d 1282, 1283 (Fla. 5th DCA 2015), the court remarked that where a modification agreement has been made a lender can "only foreclose by alleging and proving a breach of the modification agreement." Since the lender in Kuehlman failed to plead a breach of the modified loan agreement or have the issue tried by consent, the Kuehlman court concluded that the lender could not foreclose upon its original mortgage. Id.
Now it is not clear what prompted these observations about the failure of the lender to raise the issue of a modification agreement in its pleading since the manner in which the Kuehlman opinion framed both the question on appeal and its resolution revolved around the substantive issue of whether the homeowner and lender had, in fact, entered into a modification agreement. Id. ("On these undisputed facts, we conclude as a matter of law that Lender accepted the counteroffer by a combination of its many months of silence and its acceptance of nine monthly payments in the amount specified in the modification agreement."). Perhaps the Kuehlman court's comments about the lender's pleading were in response to an alternative argument the lender may have asserted (something along the line of, to the extent the borrower proved the existence of a modification agreement, the borrower breached that modified agreement as well). Perhaps they were offered as guidance for how the lender would have to proceed should it allege a future default on the part of the borrower (i.e., since the court had deemed a loan modification had been formed as a matter of law, that modification agreement was the governing agreement between the parties). Perhaps they were simply dicta. Regardless, we are certain that neither Kuehlman nor this court's parenthetical citation to Kuehlman in Nowlin, 193 So.3d at 1046,[6] purported to recede from long- *1170 settled law that modification, when asserted as an avoidance of liability, is an affirmative defense. Cf. Wood v. Fraser, 677 So.2d 15, 18 (Fla. 2d DCA 1996) (noting that "absent an en banc opinion expressly receding from a point of law announced in previous opinions of this court, a trial court should not rely on the expressions of a three-judge panel as a basis to conclude that a previous three-judge panel no longer carries the force of law."). On that procedural point, the law remains clear and unaltered.
III.
Mr. Bloedel, the defendant, had the burden of pleading and proving the existence of a modification to the note that was the subject of the lawsuit against him. Because he failed to do so, the circuit court's judgment on that issue was in error. Accordingly, we reverse the final judgment denying foreclosure and remand this case for further proceedings.
Reversed and remanded.
CASANUEVA and CRENSHAW, JJ., Concur.

The other defendant below, Sue A. Bloedel, was defaulted by the clerk of court on January 13, 2014, and has not made an appearance in this appeal.

At the close of Bank of New York's case, Mr. Bloedel moved for involuntary dismissal and then rested without ever presenting any evidence.

Mr. Bloedel never made a motion to amend his affirmative defenses to conform to the evidence, nor has he argued that the issue of the trial modification agreement was tried by consent. To the contrary, Mr. Bloedel's counsel very candidly admitted during oral argument that he, too, was "surprised" by the revelation during trial that there may have been a trial modification agreement. Bank of New York repeatedly objected to the circuit court's consideration of this unpled issue both below and in this appeal.

See also Tudor Press, Inc. v. Univ. Distrib. Co., 292 Mass. 339, 340, 198 N.E. 244 (1935) ("Novation, like other forms of payment, discharge or modification of existing liability, is an affirmative defense as to which the defendant has the burden of proof."); Dunn v. Bennett, 303 Mich.App. 767, 846 N.W.2d 75, 80 (2013) ("In the alternative, defendant argues that even if the written agreement covers his relationship with plaintiff, the parties orally modified their arrangement. Defendant waived his claim of modification by failing to raise it as an affirmative defense and support it with facts in his responsive pleadings."); Davis v. Reichert, 197 Minn. 287, 266 N.W. 855, 856 (1936) ("Thus it is apparent that defendants' defense of modification and cancellation is new matter in the nature of confession and avoidance ... and, as such, should have been pleaded specially in order that evidence thereof could be properly received."); Lease Nw., Inc. v. Davis, 224 Neb. 617, 400 N.W.2d 220, 224 (1987) (observing that "matters which would controvert the plaintiff's allegations of the amount due under a promissory note and guaranty are affirmative defenses" and that "the modification of a guaranty of such a nature as would substantially change the liability of the parties ... is an affirmative defense which must be pled"); Rooney v. Slomowitz, 11 A.D.3d 864, 867, 784 N.Y.S.2d 189 (N.Y. App. Div. 2004) ("Furthermore, defendants failed to plead the alleged modification as an affirmative defense in their answer, 'thus waiving that defense absent leave to amend.' " (quoting Counties of Warren & Washington Indus. Dev. Agency v. Boychuck, 109 A.D.2d 1024, 1026, 487 N.Y.S.2d 139 (N.Y. App. Div. 1985) ) ); Arthur J. Gallagher & Co. v. Dieterich, 270 S.W.3d 695, 701 (Tex. App. Ct. 2008) ("Contract modification is an affirmative defense.... The burden of proving modification rests on the party asserting the modification." (citations omitted) ); Nw. Fed. Sav. Loan Ass'n of Fargo v. Biby, 418 N.W.2d 786, 787 (N.D. 1988) (rejecting mortgagors' argument that the validity of a loan modification agreement precluded summary judgment, observing "[t]hese matters are affirmative defenses ... which must be specifically set forth by the defendants in their answer"); Carothers v. Carothers, 260 Or. 99, 488 P.2d 1185, 1188 (1971) ("As for defendant's contention that plaintiff is barred from relief by acceptance of performance different from that required by the contract, it is sufficient to note that modification, waiver and estoppel are affirmative defenses and must be pleaded as such, which defendant did not do."); Malstrom v. Consol. Theatres, 4 Utah 2d 181, 290 P.2d 689, 691 (1955) ("This plea of modification, being an affirmative defense, cast upon the defendant the burden of proving it by a preponderance of the evidence."); Tennien v. Pittsford, 137 Vt. 326, 404 A.2d 111, 114 (1979) ("If a modification is claimed on the basis of such evidence, we agree with plaintiff that such modification is an affirmative defense, Barnwell & Hays, Inc. v. Sloan, 564 F.2d 254 (8th Cir. 1977), required to be pleaded under V.R.C.P. 8(c).");

Of course, it would have been a very different matter had Bank of New York premised its claim or right of recovery on a modification to its note. In that instance, it would have fallen to Bank of New York to adequately plead the modification agreement within its complaint. See Fla. R. Civ. P. 1.130 ("All bonds, notes, bills of exchange ... or documents on which action may be brought or defense made ... must be incorporated in or attached to the pleading."). Here, however, the issue of a temporary modification agreement is not one that Bank of New York sought to raise; it was asserted by Mr. Bloedel for the purpose of avoiding or limiting the claim Bank of New York did raise.

Nowlin, in which we included a parenthetical quotation from Kuehlman, is silent on the issue before us here. Nothing within our holding in Nowlin suggested that Mr. Nowlin had failed to assert the existence of a modification agreement as an affirmative defense. Indeed, the timely acceptance of the bank's proposed loan modification appeared to be the central feature of the trial in that case, and both the plaintiff and defendant proffered extensive testimony and documentary evidence on that litigated issue. The adequacy of the parties' pleadings was never even questioned in Nowlin.