# Third District Court of Appeal

## State of Florida

Opinion filed September 29, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-1355
Lower Tribunal No. 16-5505
_____

**Tamara Carus, et al.,**
Appellants,

vs.

**VRMTG Asset Trust,**
Appellee.

An appeal from the Circuit Court for Miami-Dade County, Alan Fine, Judge.

Kenzie N. Sadlak, PA, and Kenzie N. Sadlak, for appellants.

Burr & Forman LLP, and Nicholas S. Agnello (Fort Lauderdale), for appellee.

Before SCALES, HENDON, and MILLER, JJ.

MILLER, J.

Appellants, Tamara Carus, the borrower, and Carlos Carus, Jr., her son, challenge a final judgment of foreclosure rendered in favor of appellee, VRMTG Asset Trust, following a non-jury trial. On appeal, appellants urge error, among other grounds, in the purported failure by appellee to adequately plead and prove an independent breach of a valid loan modification agreement. We affirm on all substantive issues, but reverse and remand for correction of a scrivener's error in the contractual rate and per diem amount of interest on the face of the disputed judgment.[1]

In the foreclosure context, a bank, "[h]aving entered into a valid modification agreement, . . . [can] only foreclose by alleging and proving a breach of the modification agreement." Nowlin v. Nationstar Mortg., LLC, 193 So. 3d 1043, 1046 (Fla. 2d DCA 2016) (citing Kuehlman v. Bank of Am., N.A., 177 So. 3d 1282, 1283 (Fla. 5th DCA 2015)). In the instant case, it is axiomatic that breach of a binding modification agreement was alleged in the operative pleadings. Further, during the trial, which was remotely conducted

---

[1] See Deutsche Bank Nat'l Tr. Co. v. Applewhite, 213 So. 3d 948, 951 (Fla. 4th DCA 2017) ("A loan servicing agent is a proper representative to possess a mortgage note on behalf of the plaintiff, such that the plaintiff remains in constructive possession of the note as the holder sufficient to establish standing.") (citations omitted); Bank of N.Y. Mellon v. Nunez, 180 So. 3d 160, 163 (Fla. 3d DCA 2015) (holding a mortgagee's default notices are only required to "substantially comply with [contractual] conditions precedent" to foreclosure).

because of restrictions precipitated by the COVID-19 pandemic, appellee produced copies of the modification agreement signed by the borrower, along with the note, mortgage, assignments of mortgage, and merger documents. The exhibit list was later supplemented with originals. Other evidence demonstrated that three consecutive payments rendered the modification effective, and appellants failed to tender payments as due and owing.

Given the circumstances, we do not quarrel with the procedure engaged by the trial court, and we conclude there was no failure of proof. Jennings v. Rodriguez, 138 S. Ct. 830, 852 (2018) ("'[D]ue process is flexible,' we have stressed repeatedly, and it 'calls for such procedural protections as the particular situation demands.'") (citations omitted); see also Liukkonen v. Bayview Loan Servicing, LLC, 243 So. 3d 981, 983 (Fla. 4th DCA 2018) ("A modification to a note, while 'as much a part of the parties' agreement [i.e., its terms] as the original note,' is not, itself, a negotiable instrument. Like a mortgage, it 'may thus be proved by using a properly authenticated duplicate.' No explanation as to why the original was unavailable is required.") (alteration in original) (citations omitted).

Mr. Carus's separate contention that his consent was required to ratify the modification is equally unavailing. It is undisputed he acquired his

interest in the property by virtue of a quitclaim deed executed after the mortgage was recorded, he was not a party to either the mortgage or note, and the terms of the mortgage required the signature of only the borrower to effectuate the modification.[2]

Accordingly, we conclude the entry of judgment was supported by competent, substantial evidence. See Kuehlman, 177 So. 3d at 1283 (finding modification valid, despite borrower's late acceptance, as lender accepted nine payments "in the amount specified in the modification agreement") (citations omitted); Nowlin, 193 So. 3d at 1046 ("When a party accepts the benefits under a contract, courts must ratify the contract even if that party contends that it had a contrary intent.") (citation omitted). As properly and commendably conceded by appellee, however, we are constrained to reverse and remand the final judgment solely for the ministerial correction of the contractual rate and per diem amount of interest. Hence, we affirm in part, reverse in part, and remand for further proceedings consistent herewith.

Affirmed in part; reversed in part; remanded.

---

[2] As a grantee taking the property subject to an outstanding mortgage, Mr. Carus has no personal liability. See Kendall House Apartments, Inc. v. Dep't of Revenue, 245 So. 2d 221, 223 (Fla. 1971).

4