DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

TOORAK CAPITAL PARTNERS, LLC,

Appellant,

v.

CAPITAL SERVICING COMPANY, LLC and
TRACI SHAWN WILLIAMS,

Appellees.

No. 2D2023-1089

_____

November 13, 2024

Appeal from the Circuit Court for Sarasota County; Hunter W. Carroll,
Judge.

David W. Rodstein and Aamir Saeed of Miller, George & Suggs, PLLC,
Coral Springs, for Appellant.

John S. Jaffer, Sarasota, and Steele T. Williams of Steele T. Williams,
P.A., Sarasota, for Appellees.

LUCAS, Judge.

This is a commercial loan dispute between a lender, Toorak Capital

Partners, LLC (Toorak); a borrower, Capital Servicing Company, LLC

(Capital); and a guarantor, Traci Shawn Williams. We affirm the final

judgment below but write to correct a minor misconception about

pleading practice when an issue about a contractual modification or extension is raised.

The underlying transaction was memorialized by a balloon note, mortgage, and personal guaranty executed on June 7, 2019.  Toorak funded some portion of the loan[1] and received interest payments.  But when the final balloon payment went unpaid, Toorak filed a complaint against Capital and Ms. Williams on January 5, 2022.  Both the original and subsequently amended complaint sought recovery solely on the June 7, 2019, promissory note, mortgage, and guaranty.  Capital and Ms. Williams answered Toorak's amended complaint and asserted, as their fourth affirmative defense, that the loan had been modified through written agreements extending the maturity date.

The parties engaged in discovery, and the case was heard at a bench trial on May 26, 2022.  At no point prior to trial did Toorak seek leave to further amend its complaint or assert a reply to the defendants' defense that the due date of the final payment had been extended.  By operation of Florida Rule of Civil Procedure 1.110(e), Toorak would have been deemed to have denied all of Capital and Ms. Williams' affirmative defenses, including their assertion that the terms of the loan agreement had been extended.  Thus, the parties' respective positions at the time of trial, as framed by the pleadings, were as follows: Toorak sought recovery solely on the terms of the balloon note, mortgage, and guaranty and denied that any modification agreements had been entered into; and Capital and Ms. Williams maintained that modification agreements had

---

[1] The original promissory note indicated a loan of "up to $352,568," the "Maximum Principal Amount," and it appears there was some dispute concerning the amounts that were actually funded and which amounts began bearing interest.  We make no comment on that aspect of the case.

been executed such that the note was not in default at the time Toorak filed its complaint.[2]

By the time Toorak finished its opening statement, however, it seemed to change tack somewhat. Toorak's attorney concluded his opening with this somewhat enigmatic remark: "And the Plaintiff will prove, by a preponderance of the evidence, that it's entitled to a judgment, there's been a breach and it's entitled to damages. *And the Plaintiff would seek to conform all the pleadings to the evidence.* Thank you." (Emphasis added.) At that point in the trial, no evidence had been presented to conform any pleadings to. *See* Fla. R. Civ. P. 1.190(b) ("When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings.").

Defense counsel objected to Toorak's preemptive motion to amend to conform to the evidence and pointed out that the issues in the case were framed by the operative pleadings. As the trial unfolded, it appeared that Toorak may have recognized that the original June 7, 2019, loan agreement had, in fact, been extended on three occasions; but it disputed whether a fourth extension agreement was ever executed. In an effort to advance this modified position, Toorak agreed to waive any right to any extra fees that were due under the three extension agreements it admitted into evidence, so long as it could recover the unpaid principal balance that it alleged had become due after the

---

[2] The fourth affirmative defense was inaccurately styled as a "lack of standing to assert a default." However, throughout the proceedings below and in this appeal, the parties have treated this defense on its substantive basis; that is, that the defendants asserted that a modification to the operative loan agreement precluded Toorak's right of recovery because the loan was not yet in default.

expiration of those three extensions. Defense counsel insisted that Toorak's case be tried on the operative complaint and objected to any amendment, of any kind.

At the same time, the defendants also argued that once they proved their defense that the loan agreement had been modified, Toorak had to amend its complaint to reflect that modification (which, again, they objected to) in order to prevail on its claim. This whipsaw—of a purported requirement to amend a complaint at trial once an affirmative defense of modification is proven—arises, according to the defendants, under our district's decision in *Nowlin v. Nationstar Mortgage, LLC*, 193 So. 3d 1043 (Fla. 2d DCA 2016).

All four extension agreements were admitted into evidence, and the court heard arguments from both sides about their effect. However, the court refused to allow Toorak to amend its complaint to encompass any aspect of the extension agreements as a basis for its claimed relief. Ultimately, the court entered a final judgment in favor of Capital and Ms. Williams on all counts. Pertinent here, the court's judgment stated:

> 9.  Pursuant to Nowlin v. Nationstar Mortg., LLC, 193 So. 3d 1043[ ] (Fla. 2nd DCA 2016), there were four written modification agreements between the parties, and there was a failure by Plaintiff to plead and prove the terms of these modification agreements.
>
> 10.  Plaintiff did not prove at the time Plaintiff filed this case that Defendant[s] were in default of the promissory note and mortgage.
>
> 11.  [T]here has been a failure of proof as to all counts asserted in the Amended Complaint.
>
> Toorak has timely appealed that judgment.

Our review of the issues raised in this appeal is multifaceted. We review a trial court's decision to amend a complaint for an abuse of

4

discretion.  *See CHHS Hosp. Co. v. Harmon*, 381 So. 3d 679, 682 (Fla. 2d DCA 2024) (quoting *Drish v. Bos*, 298 So. 3d 722, 723 (Fla. 2d DCA 2020)).  A trial court's factual findings in a bench trial are reviewed for competent, substantial evidence, while legal issues such as interpretation of procedural rules and precedents are subject to de novo review.  *See Wootton v. Iron Acquisitions, LLC*, 338 So. 3d 425, 427 (Fla. 2d DCA 2022) (quoting *Jasser v. Saadeh*, 91 So. 3d 883, 884 (Fla. 4th DCA 2012)).

On appeal, Toorak appears to acknowledge there were three extension agreements between the parties, but that the "purported fourth extension agreement" dated three weeks after the underlying complaint's filing was never finalized.  The trial court found otherwise, and there is competent, substantial evidence in the record to support that finding as well as the court's conclusion that neither defendant was in default at the time the underlying action was filed.  *See Ernest v. Carter*, 368 So. 2d 428, 429 (Fla. 2d DCA 1979) ("To establish their entitlement to foreclose it was incumbent upon the plaintiffs to prove their agreement, a default by the defendants, that plaintiffs properly accelerated the debt to maturity, and the amount due.").  Furthermore, the trial court properly exercised its discretion when it denied Toorak's motion for leave to amend, whether viewed as a premature rule 1.190(b) motion to amend to conform with the evidence or a rather late-in-the-game rule 1.190(a) motion for leave to amend.  *See State Farm Mut. Auto. Ins. Co. v. Baum Chiropractic Clinic PA*, 323 So. 3d 756, 757 (Fla. 4th DCA 2021) ("While '[t]he Florida Rules of Civil Procedure encourage a policy of liberality in allowing litigants to amend their pleadings,' *Morgan v. Bank of New York Mellon*, 200 So. 3d 792, 795 (Fla. 1st DCA 2016), this 'policy' narrows as a case approaches trial." (alteration in original) (citing *Horacio O. Ferrea*

5

*N. Am. Div., Inc. v. Moroso Performance Prods., Inc.*, 553 So. 2d 336, 337 (Fla. 4th DCA 1989))); *Toscano Condo. Ass'n v. DDA Eng'rs, P.A.*, 274 So. 3d 487, 490 (Fla. 3d DCA 2019) ("[I]n addition to the desirability of allowing amendments to pleadings so that cases may be concluded on their merits, there is an equally compelling obligation on the court to see to it that the end of all litigation be finally reached." (quoting *Price v. Morgan*, 436 So. 2d 1116, 1122 (Fla. 5th DCA 1983))).

However, Capital and Ms. Williams led the trial court into error when it concluded that under our *Nowlin* decision, Toorak had to retroactively "plead and prove the terms" of a modification once the defendants had established their affirmative defense that the original loan agreement had been extended. As we indicated earlier, that is a procedural whipsaw that needs to be dispelled.

In *Nowlin*, a creditor had accepted several additional payments from a borrower under a modified residential loan agreement. 193 So. 3d at 1044-45. We concluded that "by accepting the benefits of the loan modification, Nationstar cannot now question the validity of the contract." *Id.* at 1046. We then stated, "Having entered into a valid modification agreement, Nationstar could only foreclose by alleging and proving a breach of the modification agreement and neither of which was done here." *Id.* But as we pointed out in *Bank of New York Mellon v. Bloedel*, 236 So. 3d 1164, 1169 n.6 (Fla. 2d DCA 2018), *Nowlin* was a case about the proof that had been adduced at a bench trial. "The adequacy of the parties' pleadings was never even questioned in *Nowlin*." *Id.*

*Bloedel* also directly addressed the pleading requirements when a contractual modification is alleged in civil proceedings. "The effect of a modification to a legal agreement, *to the extent it would constitute an*

6

*avoidance of all or part of a defendant's liability under the agreement, is an affirmative defense that must be pled and proven by the defendant.*" *Id.* at 1167 (emphasis added). So if a defendant wishes to have a court decide whether an alleged modification agreement would mitigate or alter its liability in a breach of contract action, it falls to the defendant—not the plaintiff—to frame that defense within its pleadings. *Id.* at 1168. Conversely, if a plaintiff affirmatively seeks recovery under the terms of a modification to an agreement, then the plaintiff must adequately plead the terms of that modification in order to recover upon it. *Id.* at 1168 n.5 ("[I]t would have been a very different matter had Bank of New York premised its claim or right of recovery on a modification to its note."); *see also Morales v. Fifth Third Bank*, 275 So. 3d 197, 200-01 (Fla. 4th DCA 2019) (applying *Bloedel* and holding that the appellee was required to plead the loan modification because their right of recovery stemmed from that loan modification).

It is clear from our review of the record that this dispute falls more in line with the former circumstance, not the latter. That is, the defendants sought to disprove or mitigate their liability under the original note, mortgage, and guaranty that Toorak sued upon by virtue of four extension agreements the parties had apparently entered. The pleadings were sufficiently crystallized to proceed on that basis, and ultimately, the defendants proved to the trial court's satisfaction that the loan agreement had, in fact, been extended four times and that, as such, the defendants were not in default at the time Toorak initiated this lawsuit. That was a sufficient basis to enter judgment in favor of Capital and Ms. Williams.

What complicated this case was Toorak's apparent recognition on the day of trial that the original loan documents had been extended.

7

Toorak did not seek to recover any additional sums under the terms of any of the extension agreements. Instead, it appears Toorak wished to advance a new, alternative position from its operative complaint, something to the effect that even if the defendants proved that the loan agreement had, to some extent, been extended, they were nevertheless in breach of the modified, extended terms, and Toorak was still entitled to recovery. Certainly, Toorak could have brought this alternative position before the trial court by timely amending its complaint to plead that issue in the alternative to its principal claims. *See* Fla. R. Civ. P. 1.110(g) ("A party may also set forth 2 or more statements of a claim or defense alternatively, either in 1 count or defense or in separate counts or defenses."). It could have also asserted that position in a timely reply to Capital and Ms. Williams' fourth affirmative defense under Florida Rule of Civil Procedure 1.100(a) ("If an answer or third-party answer contains an affirmative defense and the opposing party seeks to avoid it, the opposing party must file a reply containing the avoidance."). But the fact that Toorak did neither before the date of trial was not fatal to the claim it pled. Rather, it was the defendants' affirmative defense that the original balloon payment's due date had been extended and the note was not in default at the time Toorak's complaint was filed which won the day for them.

Accordingly, we affirm the final judgment on that basis. Toorak urges us to broach the claim it was precluded from arguing before the trial court—that is, whether Capital and Ms. Williams were in default following the extensions of the loan agreement—but we must respectfully decline to do so because, by virtue of the trial court's denial of Toorak's motion to amend, that issue was not heard or tried below. *Cf. Sierra v. Pub. Health Tr. of Dade Cnty.*, 661 So. 2d 1296, 1298 (Fla. 3d DCA 1995)

8

("Appellate courts may not decide issues that were not ruled on by a trial court in the first instance." (citing *McGurn v. Scott*, 596 So. 2d 1042 (Fla. 1992))).

Affirmed.

LaROSE and LABRIT, JJ., Concur.

_____

Opinion subject to revision prior to official publication.