883 So.2d 826 (2004)
Anton Nicolai SIMON, etc., et. al., Appellants,
v.
The CELEBRATION COMPANY, et al., Appellees.
No. 5D02-2262.
District Court of Appeal of Florida, Fifth District.
June 4, 2004.
*828 Michael L. Boswell of Michael L. Boswell, P.A., and Bret Hartley of Drymonis, Hartley & Boswell An Association of Professional Corporations, Daytona Beach, for Appellants.
James V. Etscorn, Robert W. Thielhelm, Jr., and Leslie B. Bissinger of Baker & Hostetler LLP, Orlando, for Appellee The Celebration Company.
Mark G. Alexander, Michael G. Tanner and Stephen H. Grimes of Holland & Knight LLP, Jacksonville, for Appellees Stetson University, Harvard University, Auburn University and University of Minnesota.
Usher L. Brown and Erin J. O'Leary of Brown, Ward, Salzman, Weiss & Garganese, P.A., Orlando, for Appellees The Johns Hopkins University and The Osceola County School Board.
PALMER, J.
We sua sponte withdraw the opinion issued on December 5, 2003, and substitute the following opinion in its stead.
Anton Simon, his sister Ana, and his parents Paul and Connie, appeal the final orders entered by the trial court dismissing their lawsuit against The Celebration Company and various educational institutions. The Simons sued for declaratory relief and in tort, alleging that their family had been damaged because they had relocated to The Town of Celebration (developed by The Celebration Company) based upon misrepresentations that The Celebration School provided its students with a quality education based upon a time-tested and successful curriculum known as "best practices". Concluding that the trial court erred in dismissing some but not all counts of the Simons' complaint, we affirm in part and reverse in part.
Mr. and Mrs. Simon enrolled Anton in public school in Orange County. When he experienced difficulties in learning Anton was evaluated and found eligible to receive special learning disability services. He was also given an individual education plan by the county.
The Simons continued to seek out better education options for Anton since he continued to experience difficulty in learning. They allegedly decided to relocate their family to The Town of Celebration because they had received information that The Celebration School, a public school in Osceola County, would offer an appropriate learning environment for Anton. However, after enrolling both of their children in The Celebration School, Mr. and Mrs. Simon became dissatisfied with the learning experience provided by the school and withdrew the children, and re-enrolled them in a private school in Orange County.
*829 As a result of their dealings with The Celebration Company and The Celebration School, the Simon family filed a lawsuit against The Celebration Company, Stetson University, Johns Hopkins University, Harvard University, Auburn University, University of Minnesota, The School Board of Osceola County (SBOC), and Valencia Community College (VCC). The five count complaint alleged that Mr. and Mrs. Simon purchased a home in, and relocated their family to, the Town of Celebration in reliance upon false representations made to them by the named defendants concerning the quality of education available at The Celebration School. The complaint essentially alleged The Celebration School failed to live up to the representations which were made and that the Simons suffered damages as a result of their relocation.
Count I of the complaint alleged a claim for declaratory relief against SBOC, requesting a declaration of the Simons' rights concerning the interpretation of section 230.23(4)(m)5 of the Florida Statutes (1997).[1] The complaint averred that SBOC had failed to properly address Anton's educational needs, and requested that the trial court conduct a de novo review of the issue (which had been the subject of an earlier proceeding before an Administrative Law Judge (ALJ) as well as a federal lawsuit). Count II asserted a second claim for declaratory relief against SBOC, alleging that SBOC had violated Article IX, section 1 of the Florida Constitution by failing to provide Anton and Ana with a high quality free public education and, as a result of such failure, the Simons suffered damages.[2] Count III alleged a claim of fraudulent inducement against all of the defendants, claiming that each defendant had made false statements and/or representations to Mr. and Mrs. Simon concerning the quality of education offered at The Celebration School and that such statements had been made with the intent to persuade Mr. and Mrs. Simon to purchase property in the Town of Celebration. The complaint further alleged that the defendants knew that their statements and/or representations concerning The Celebration School were false when they made them. The complaint also alleged that, but for the false statements and/or representations, Mr. and Mrs. Simon would not have purchased a home in the Town of Celebration and relocated their family there.
Count IV alleged a claim of negligent misrepresentation against all of the defendants, again asserting that each of the defendants made false statements and/or representations relating to the quality of the education available at The Celebration School and that said statements were made with the intent to persuade, and actually had the result of persuading, Mr. and Mrs. Simon to move to the Town of Celebration and to purchase property *830 there. The complaint averred that the defendants either knew that the statements and/or representations were false or that they were without knowledge of their truth or falsity, but that the defendants intended to made the statements so that the prospective purchasers would rely on the false statements and purchase a home in The Town of Celebration.
Count V alleged a claim for declaratory relief against SBOC, alleging that Anton and Ana were denied their right to receive a high quality free education, and that Anton was denied his right to receive a McKay Scholarship under section 229.05371 of the Florida Statutes (2001).[3]
The defendants filed separate motions to dismiss, raising various grounds for relief. Upon review, the trial court dismissed the Simons' complaint with prejudice, entering separate orders for each defendant. The trial court's ruling regarding each count will be discussed below.

Dismissal of Count I
Count I of the Simons' complaint alleged a claim against SBOC based upon the provisions of section 230.23(4)(m)5 of the Florida Statutes (1997). That statute provides parents who have children who either have been denied a request for, or have been evaluated as needing, special instruction the right to receive a due process hearing regarding the school board's decision regarding same. The due process hearing is conducted by an administrative law judge (ALJ), and the ALJ's decision is final, but subject to review. The statute provides parents with two choices for such review: (1) the parent can file a civil action in the circuit court, or (2) the parent can request an impartial review of the ALJ's order by the district court of appeal.
The Simons' complaint alleged that, prior to filing the instant lawsuit in the trial court, the Simons exhausted their administrative remedies under section 230.23 by requesting and receiving a due process hearing before an ALJ. The complaint further stated that on January 31, 2000, the ALJ issued a final order in favor of SBOC and that within 30 days of that date the Simons filed suit against SBOC in the United States District Court. The Simons later (no specific date was provided) voluntarily dismissed that federal lawsuit, without prejudice, so that this matter could proceed in state circuit court. The instant lawsuit was filed in February of 2001.
The trial court dismissed Count I, concluding that it was time-barred since the Simons' complaint had not been filed in the circuit court within 30 days of the date the ALJ entered its final order. In so ruling, the court rejected the contention that the limitations period had been tolled during the time the matter was pending in the federal court.
The Simons maintain that the trial court erred in so ruling because federal law provides that statutes of limitations are tolled during the period of time a claim is pending in a federal district court. They cite to 28 U.S.C. § 1367(d) which specifically requires state statutes of limitation to be tolled for the period during which a petitioner's cause of action is pending in federal court as well as 30 days after the claim is dismissed.[4]
*831 "The statute of limitations is generally an affirmative defense that cannot be raised in a motion to dismiss unless the complaint affirmatively shows the conclusive applicability of such defense to bar the action." New York State Dept. of Taxation v. Patafio, 829 So.2d 314 (Fla. 5th DCA 2002). Since the instant complaint fails to set forth with particularity the date when the matter was dismissed from federal court, it is impossible to determine from the four corners of the instant complaint the length of time during which the matter was tolled by reason of the fact that the matter was pending in federal court. As such, the trial court erred in ruling that the complaint conclusively established that the statute of limitations barred Count I. Accordingly, on remand, this count should be reinstated.

Dismissal of Count II
In Count II of their complaint the Simons asserted a claim for damages allegedly sustained by them as the result of SBOC's violation of Article IX, section 1 of the Florida Constitution which guarantees a high quality free public education. The trial court dismissed this count, ruling that no private cause of action exists under Article IX, section 1 of the Florida Constitution for the enforcement of its provisions against individual school boards. We agree.
In order for a constitutional provision to create a private cause of action, the provision must be self-executing. See Tucker v. Resha, 634 So.2d 756 (Fla. 1st DCA 1994). "The basic guide, or test, in determining whether a constitutional provision should be construed to be self-executing, or not self-executing, is whether or not the provision lays down a sufficient rule by means of which the right or purpose which it gives or is intended to accomplish may be determined, enjoyed, or protected without the aid of legislative enactment." Gray v. Bryant, 125 So.2d 846 (Fla.1960).
The trial court properly concluded that Article IX, section 1 can not be found to be self-executing because the language set forth in the provision leaves too many issues unresolved. For example, there is no benchmark for determining what "adequate provision for education" is meant to entail, nor is the term "high quality education" defined in the provision. Furthermore, Article IX, section 1 specifically states that the provision of an adequate education must be made by the Legislature since the provision states that "adequate provision shall be made by law". Accordingly, we affirm the trial court's dismissal of Count II.

Dismissal of Counts III and IV
Count III of the Simons' complaint alleged a claim of fraudulent inducement against each of the defendants, and count IV alleged a claim of negligent misrepresentation against each of the defendants. The complaint averred that each defendant had made false statements and/or misrepresentations to Mr. and Mrs. Simon indicating *832 that The Celebration School would provide the Simon children with an education based upon a proven curriculum known as "best practices", and that said statements had influenced Mr. and Mrs. Simon to purchase property in the Town of Celebration and relocate their family there so that the children could attend The Celebration School. The complaint alleged that the defendants either knew that their statements and/or representations concerning The Celebration School were false when they made them, or that they were without knowledge of their truth or falsity, and that, but for the false statements and/or misrepresentations, Mr. and Mrs. Simon would not have purchased a home in the Town of Celebration and relocated their family there. The complaint stated that the Simons were damaged by the money paid to the Celebration Company and others.
In order to allege a viable cause of action for fraudulent inducement a plaintiff must allege that: (1) the defendant made a false statement regarding a material fact; (2) the defendant knew that the statement was false when he made it or made the statement knowing he was without knowledge of its truth or falsity; (3) the defendant intended that the plaintiff rely and act on the false statement; and (4) the plaintiff justifiably relied on the false statement to his detriment. See Fla. Std. Jury Instr. (Civ.) MI 8; see also Taylor Woodrow Homes Florida, Inc. v. 4/46-A Corp., 850 So.2d 536 (Fla. 5th DCA 2003). Similarly, in order to allege a viable cause of action for negligent misrepresentation a plaintiff must allege in his complaint that: (1) the defendant made a misrepresentation of material fact that he believed to be true but which was in fact false; (2) the defendant was negligent in making the statement because he should have known the representation was false; (3) the defendant intended to induce the plaintiff to rely and on the misrepresentation; and (4) injury resulted to the plaintiff acting in justifiable reliance upon the misrepresentation. See Johnson v. Davis, 480 So.2d 625 (Fla.1985); Fla. Std. Jury Instr. (Civ.) MI 8; see also Baggett v. Electricians Local 915, 620 So.2d 784, 786 (Fla. 2d DCA 1993).
The trial court dismissed both counts with prejudice, ruling primarily that the counts failed to set forth cognizable causes of action since they essentially alleged claims of educational malpractice, a cause of action not recognized by the Florida courts.[5] We reverse this ruling because, although inartfully drafted, the Simon's complaint sought to allege claims for fraud and misrepresentation, not educational malpractice. As such, the dismissal of these two counts should have been with leave to amend.
On remand, we direct the court's attention to the fact that a complaint for fraud must specifically allege sufficient ultimate facts on each element of the claim. Held v. Trafford Realty Co., 414 So.2d 631, 632 (Fla. 5th DCA 1982). The instant complaint fails to meet this pleading requirement because it fails to allege the *833 false representations with sufficient specificity, and fails to allege cognizable fraud damages.
The first fraud element, false representations of fact, can only be satisfied when the pleading identifies specific facts and states how they were false. Batlemento v. Dove Fountain, Inc., 593 So.2d 234, 238 (Fla. 5th DCA 1991). The precise allegations here are that the defendants falsely stated that they intended to implement a curriculum of "proven best practices" that would include "technology" and "whatever it takes" in a school that had not yet commenced operation. Despite the inclusion of over 100 paragraphs in the fraud count, the complaint does not describe with specificity what "best practices" means, the type of technology promised, or what was meant by "whatever it takes." These alleged misrepresentations are too vague to provide the essential foundation for a fraud claim. See Allen v. United Zinc Co., 64 Fla. 171, 60 So. 182 (1912); Connecticut General Life Ins. Co. v. Jones, 764 So.2d 677, 684 (Fla. 1st DCA 2000). Furthermore, nowhere within the complaint do the Simons state how these representations were false. The complaint simply alleges the conclusory statement that the representations were false, a legally insufficient allegation under the strict pleading requirements for a claim predicated on fraud. See Batlemento, 593 So.2d at 238. The lack of specificity is particularly troublesome here where nine separate defendants are lumped together in each count in a complaint that often fails to particularize which of the nine defendants made which statements.
Furthermore, actual damages is an element of an action for fraud. National Equipment Rental, Ltd. v. Little Italy Restaurant & Delicatessen, Inc., 362 So.2d 338, 339 (Fla. 4th DCA 1978). As such, this element must be pled using specific, ultimate facts. Held, 414 So.2d at 632. Moreover, fraud cannot form the basis for recovery of damages unless the damages directly arise from the fraud and are causally connected to the fraud. Rolls v. Bliss & Nyitray, Inc., 408 So.2d 229 (Fla. 3d DCA 1981); Tampa Union Terminal Co. v. Richards, 108 Fla. 516, 146 So. 591, 594 (1933). The Simons' complaint fails to assert how their alleged damages were causally related to the alleged fraud.

Dismissal of Count V
The Simons have not raised any challenge to the trial court's dismissal to Count V. Therefore, that ruling is affirmed.

Closing
As for appellees Harvard, Auburn, and the University of Minnesota, the trial court granted their motions to dismiss on the basis of lack of personal jurisdiction and, since the Simons have not raised any challenge to that ruling in this appeal, the trial court's dismissal of counts III and IV is affirmed with regard to those three defendants.
Furthermore, since there is no dismissal order in the record regarding appellee Valencia Community College, we issue no ruling regarding Valencia Community College.
AFFIRMED in part, REVERSED in part, and REMANDED.
PETERSON and TORPY, JJ., concur.
NOTES
[1] Section 230.23(4)(m)5, Florida Statutes (1997) provides parents who have children, who have either been denied a request for or been evaluated as needing special instruction, the right to receive a due process hearing regarding the school board's decision thereto.
[2] Article 9, section 1 of the Florida Constitution provides, in relevant part:

§ 1. Public education
(a) The education of children is a fundamental value of the people of the State of Florida. It is, therefore, a paramount duty of the state to make adequate provision for the education of all children residing within its borders. Adequate provision shall be made by law for a uniform, efficient, safe, secure, and high quality system of free public schools that allows students to obtain a high quality education and for the establishment, maintenance, and operation of institutions of higher learning and other public education programs that the needs of the people may require.
[3] Section 229.05371 of the Florida Statutes (2001) sets forth a pilot program where students who have disabilities and are enrolled in public schools can request scholarships from the local school board so they can attend private schools.
[4] Section 1367 provides in relevant part:

§ 1367. Supplemental jurisdiction
(a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.
* * *
(d) The period of limitations for any claim asserted under subsection (a), and for any other claim in the same action that is voluntarily dismissed at the same time as or after the dismissal of the claim under subsection (a), shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period.
(Emphasis added).
[5] In the United States, a cause of action known as "educational malpractice" has been asserted by plaintiffs who allege that a school has failed to properly educate a student. Apparently, under an educational malpractice claim, a school would have a duty to educate its students and would be liable in tort/negligence for failing to fulfill its duty. Most cases involving educational malpractice deal with plaintiffs who allege that their school failed to teach them reading, or failed to properly diagnose a learning disability. See Elizabeth D. Kaiser, Jesus Heard the Word of God, But Mohammed had Convulsions: How Religion Clause Principles Should be Applied to Religion in the Public School Social Studies Curriculum, Journal of Law and Education, July, 2003.