COHEN, J,
Dale Green appeals the dismissal of his complaint which averred that the Palatka Daily News published false and defamatory statements concerning his conviction relating to a 2008 arson. The article noted that Green was convicted by jury and sentenced, as a prison releasee reoffender, to thirty years in the Department of Corrections for arson, resisting an officer with violence, and injuring a police dog. In providing details of the crime, the paper reported that a witness observed Green set a chair on fire outside a home occupied by Green’s ex-girlfriend and her son, causing the building to ignite. The article recounted how a witness banged on the door of the home to awaken its sleeping occupants and that Green was tracked down by police dogs.
The complaint was not well-drafted. It alleges both October 16, 2009, and October 16, 2008, as the date on which the article was published. The 2009 date appears to be the accurate one, and for purposes of the issue presented — the running of the statute of limitations — it reflects the best case scenario for Green.
In the complaint, Green alleged that the article incorrectly related that he had been convicted by a jury of arson, resisting an officer with violence, and injuring a police dog. Green was actually convicted of “only” the arson charge, the State having dropped the other charges before trial. Green took particular offense to the injuring a police dog charge, discussing the public outrage over “Meavick,” an apparent reference to the animal abuse charges brought against Michael Vick, a professional football player. Indeed, in response to Green’s notice to the newspaper, pursuant to section 770.01, Florida Statutes (2011), the Palatka Daily News retracted that portion of the article, clarifying that Green had been convicted of only arson.
*740 Other than the error as to the charges for which Green was convicted, most of Green’s complaints are semantic. For example, he alleges that he was not tracked by dogs; rather, he was in plain sight and only one dog was used. Green maintains, and supplies a copy of the prosecutor’s opening statement as support, that the witness did not see him set the chair on fire, but rather saw him running from the scene.
Dismissal of the complaint focused not upon whether the allegations of the complaint constituted defamation, but rather whether the complaint was filed within the applicable statute of limitations. Section 95.11(4)(g), Florida Statutes (2011), provides for a two-year limitations period for defamation actions. The statute of limitations is an affirmative defense and can only be raised in a motion to dismiss if the applicability of the defense is clear from the face of the complaint. See Simon v. Celebration Co., 883 So.2d 826, 831 (Fla. 5th DCA 2004).
We agree with the trial court that, on its face, the suit is subject to dismissal based upon the statute of limitations. Suit was filed December 20, 2011. Green had until October 16, 2011, to bring a defamation claim and failed to do so. Accordingly, we affirm.
AFFIRMED.
GRIFFIN and BERGER, JJ., concur.