NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

LARRY M. ERVANS,                          )
                                          )
          Appellant,                      )
                                          )
v.                                        )          Case No. 2D14-1632
                                          )
THE CITY OF VENICE, FLORIDA, a            )
political subdivision of the State of Florida, )
and HOWARD DUNN,                          )
                                          )
          Appellees.                      )
_____     )

Opinion filed July 10, 2015.

Appeal from the Circuit Court for Sarasota
County; Kimberly Bonner, Judge.

Larry M. Ervans, pro se.

Jeffrey D. Jensen of Unice Salzman
Jensen, P.A., Trinity, for Appellees.


CRENSHAW, Judge.


          Larry M. Ervans filed a civil action against the City of Venice and Howard

Dunn, a police officer employed by the City, seeking damages for false arrest and false

imprisonment.  He now appeals an order dismissing his claims with prejudice.  Because

the facts pleaded in the complaint do not conclusively establish that the claims are

barred by the statute of limitations, we reverse.

In his complaint, filed in the circuit court on April 24, 2013, Ervans alleged that Dunn arrested him on February 3, 2009, based on false information that Dunn failed to investigate and that Dunn "had personal animosity towards Ervans." He also asserted that on January 7, 2013, he filed an action in federal court "based upon the same series of incidents," but that the action was later dismissed; importantly, he did not provide the date on which the federal court dismissed his case. After Ervans filed his complaint, the City moved to dismiss the case arguing, among other things, that it was obvious from the face of the complaint that Ervans' claims were barred by the statute of limitations. After a hearing, the court granted the motion and dismissed the complaint with prejudice, finding that Ervans' claims were barred by the statute of limitations. We conclude this was error.

"A motion to dismiss a complaint based on the expiration of the statute of limitations should be granted only in extraordinary circumstances in which the facts pleaded in the complaint conclusively establish that the statute of limitations bars the action as a matter of law." Wishnatzki v. Coffman Constr., Inc., 884 So. 2d 282, 285 (Fla. 2d DCA 2004). "A motion to dismiss is not a substitute for a motion for summary judgment, and in ruling on such a motion, the trial judge must consider only the allegations found within the four corners of the complaint." N.Y. State Dep't of Taxation v. Patafio, 829 So. 2d 314, 317 (Fla. 5th DCA 2002) (citing Thompson v. Martin, 530 So. 2d 495, 496 (Fla. 2d DCA 1988)). "A complaint need only state facts sufficient to indicate that a cause of action exists and need not anticipate affirmative defenses." Thompson, 530 So. 2d at 496 (citing Hammonds v. Buckeye Cellulose Corp., 285 So. 2d 7 (Fla. 1973)).

The facts pleaded in Ervans' complaint do not conclusively establish that the statute of limitations bars his claims. Ervans' claims of false arrest and false imprisonment have a four-year limitations period. See § 95.11(3)(o), Fla. Stat. (2009). While it is possible to tell the claims accrued on February 3, 2009, the date of Ervans' arrest, see Scullock v. Gee, 161 So. 3d 421, 422 (Fla. 2d DCA 2014), Ervans also alleged he filed the claims in federal court in January 2013, before the four-year limitations period had run. 28 U.S.C. § 1367(d) (2012) "requires state statutes of limitation to be tolled for the period during which a . . . cause of action is pending in federal court as well as 30 days after the claim is dismissed." Simon v. Celebration Co., 883 So. 2d 826, 830 (Fla. 5th DCA 2004). Because the face of the complaint does not include the date his federal action was dismissed, "it is impossible to determine from the four corners of the instant complaint the length of time during which the matter was tolled by reason of the fact that the matter was pending in federal court." Id. at 831.

Accordingly, the trial court erred in ruling that Ervans' claims were barred by the statute of limitations and his claims should be reinstated on remand. Id.

Reversed and remanded.

KELLY and BLACK, JJ., Concur.