[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-10500
Non-Argument Calendar
_____

D.C. Docket No. 8:14-cv-01340-JSM-TGW

ESTATE OF ELAINE PURCELL,
through Parker Waggaman as Personal Representative,
PARKER WAGGAMAN, individually,

Plaintiffs-Appellants,

versus

ARTURO ARAUZO,
individually,
ARTURO ARAUZO,
d.b.a. Arturo Arauzo, M.D.,
USA DRUG MART, INC.,
PARK PLAZA PHARMACY,
USA DRUG MART,
d.b.a. Park Plaza Pharmacy, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(December 10, 2015)

Before HULL, ROSENBAUM and BLACK, Circuit Judges.

PER CURIAM:

Parker Waggaman, a licensed attorney proceeding pro se as personal representative of the estate of his mother, Elaine Purcell, appeals the district court's order dismissing with prejudice his third amended complaint. The complaint attempted to allege seventeen varied causes of action against Arturo Arauzo, M.D., USA Drug Mart, Inc., USA Drug Mart, Inc., d/b/a Park Plaza Pharmacy, the pharmacist in charge David Vernon, and John Does 1–9, arising out of their prescribing, dispensing, and shipping prescription medication to Purcell from 2002 to 2011.

Waggaman argues the district court erred in dismissing his complaint with prejudice because: (1) due to the defendants' mischaracterization, the district court mistook this case as one for negligence or medical malpractice and imposed a higher pleading burden on Waggaman; (2) a motion to dismiss should not be used to deny the discovery of evidence the defendants are already statutorily required to disclose;[1] (3) holding oneself out as a physician or pharmacist constitutes a statement for purposes of the deceit claims; (4) the district court should not have considered Dr. Arauzo's motion to dismiss because it was not properly served; and

---

[1] We do not address this discovery argument as it is irrelevant to whether the district court erred in dismissing Waggaman's complaint for failure to state a claim.

2

(5) Waggaman adequately pled claims for negligence per se, overprescribing, and intentional infliction of emotional distress.[2]  After review,[3] we affirm.

The district court did not improperly view this as a negligence or medical malpractice case.  At a hearing on November 10, 2014, the district court heard and acknowledged Waggaman's persistent statements that the action was not founded on negligence or wrongful death.  Nothing in the district court's order suggests that the district court applied the wrong standard or misperceived Waggaman's claims.

The district court did not err in dismissing Waggaman's deceit counts.  Even if Waggaman is correct that holding oneself out as a physician or pharmacist constitutes a statement under Florida law, the deceit counts still fail to state a claim.  The complaint fails to specifically allege how the statements were false, that Purcell did not know the statements were false, the time and place of such statements, what the defendants obtained as a consequence of their deceit, how Purcell was harmed, and how the fraud proximately caused the harm.  *See Ziemba*

---

[2] We do not address Waggaman's argument that his claims for overprescribing and intentional infliction of emotional distress were properly pled because Waggaman fails to provide any citation to authority or arguments in support, thereby waiving these issues. *See U.S. Steel Corp. v. Astrue*, 495 F.3d 1272, 1287 n.13 (11th Cir. 2007).  We also do not address Waggaman's argument that the complaint states a claim as to the remaining counts because Waggaman raised these issues for the first time in his reply brief. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).

[3] We review de novo a district court's dismissal under Rule 12(b)(6), Federal Rules of Civil Procedure, "accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff." *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003).  Because Waggaman is a licensed attorney, we do not afford his pleadings the liberal construction that we would grant to a typical pro se litigant. *See Olivares v. Martin*, 555 F.2d 1192, 1194 n.1 (5th Cir. 1977).

*v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001); *Simon v. Celebration Co.*, 883 So. 2d 826, 833 (Fla. 5th DCA 2004).

The district court did not abuse its discretion by declining to strike Dr. Arauzo's motion to dismiss.[4]  Although Waggaman was not properly served with Dr. Arauzo's motion, Waggaman learned of the motion and responded to it less than three weeks after it was filed.  Before ruling on the motion, the district court considered Waggaman's response.  Thus, Waggaman suffered no prejudice from the service error.

Finally, the district court did not err in dismissing Waggaman's negligence per se claims.  Although Waggaman alleges statutory violations throughout his complaint, the complaint fails to show that Purcell was a member of the class that the law was intended to protect, that she suffered a type of injury that the law was designed to protect, or how the violation of the law proximately caused those injuries.  *See Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1325 (11th Cir. 2012).

**AFFIRMED.**

---

[4] We review for abuse of discretion the district court's implicit denial of Waggaman's request that Dr. Arauzo's motion to dismiss be stricken. *See Young v. City of Palm Bay, Fla.*, 358 F.3d 859, 863 (11th Cir. 2004).