# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

JOHN N. HEARN, )
) C.A. No.: N16C-08-124 RRC
    Plaintiff, )
)
v. )
)
TOTE SERVICES, INC., )
)
)
)
    Defendant. )
)

Submitted: June 4, 2018
Decided: June 21, 2018

On Plaintiff's Motion for Leave to Amend the Complaint. **DENIED.**

# ORDER

Laurence V. Cronin, Esquire, Smith, Katzenstein & Jenkins LLP, Wilmington, Delaware, Attorney for Plaintiff John N. Hearn.

Meghan A. Adams, Esquire, Morris James LLP, Wilmington, Delaware; John R. Fornaciari, Esquire and Thomas E. Hogan, Esquire, Baker & Hostetler LLP, Washington, D.C., *pro hac vice*, Attorneys for Defendant Tote Services, Inc.

COOCH, R.J.

This 21th day of June 2018, upon consideration of Plaintiff's Motion for Leave to Amend the Complaint, it appears to the Court that:

1.    Plaintiff moves this Court for leave to amend the complaint pursuant to Superior Court Civil Rule 15. Plaintiff seeks to amend the complaint to add claims of fraud in the inducement and negligent misrepresentation, as well as to "clarify other

portions of the original complaint."[1] Defendant contends that the motion to amend should be denied because claims of fraud in the inducement and negligent misrepresentation "would be subject to dismissal under Rule 12(b)(6) pursuant to Florida law for failure to state a claim and the motion is therefore futile."[2] Defendant makes two arguments in support of denial due to futility. First, Defendant argues that a party may not make a fraud-based tort claim unless such claim is independent from a breach of contract claim. Second, Defendant asserts that Plaintiff's motion should be denied because a party may not rely on a litigation adversary's representations to establish a fraud claim because in the context of settlement negotiations; those statements, Defendant argues, are governed by contract law, not tort.[3] This Court concludes that Plaintiff's reliance on Defendant's statements during settlement negotiations cannot form the basis of a fraud claim, either in the form of fraud in the inducement or negligent misrepresentation. Therefore, Plaintiff's Motion for Leave to Amend the Complaint is **DENIED.**

2.     The complaint was filed on August 16, 2016 and originally set forth only a breach of contract action, which alleged reputational harm to Plaintiff. Plaintiff and Defendant had entered in a settlement agreement, which arose out of Defendant's termination of Plaintiff from his position as Master of the Florida-based vessel owned by Defendant, the El Morro.[4] In the complaint, Plaintiff alleged that Defendant breached the settlement agreement when Defendant failed to expunge certain records pursuant to that agreement. The contract terms at issue provided that Defendant "agree[d] that any records of the

---

[1] Pl.'s Mot. to Amend at 3.

[2] Def.'s Resp. at 1.

[3] In the briefing, the parties focused substantially on the issue of a tort claim's independence of a breach of contract. However, at oral argument the parties gave significant attention to the issue of the prohibition of a party's reliance on a litigation adversary's representations to establish a fraud claim. Because this Court now concludes that Plaintiff cannot bring a successful fraud in the inducement or negligent misrepresentation claim based on Defendant's representation during settlement negotiations, and denies the motion to amend on that ground, this Court need not reach the issue of a tort claim's independence of a breach of contract.

[4] For a fuller explication of the background of this case, *see Hearn v. Tote Servs., Inc.,* 2017 WL 8788758 (Del. Super. Ct. Oct. 17, 2017).

circumstances giving rise to [Plaintiff's] grievance shall be expunged, and that it shall respond to any future inquiries concerning [Plaintiff's] employment by [Defendant] with his sailing positions, dates of employment, and without reference to this matter."[5] However, the employment records that were not expunged were used for cross-examination at a later federal maritime hearing convened to investigate the circumstances surrounding the sinking of the El Morro's sister ship, the El Faro, near the Bahamas in Hurricane Joaquin in September of 2015.

3. In its October 17, 2017 opinion, this Court held that Florida law applies to this action and therefore Florida's absolute litigation privilege applies, "which precludes any lawsuit against Defendant stemming from a court or administrative proceeding . . . ."[6] Following this Court's opinion, the parties engaged in additional discovery. During a deposition, Defendant apparently testified through a designee that its interpretation of Defendant's duty to expunge Plaintiff's employment records, which was set forth in the settlement agreement, was allegedly different from the "plain language" of the agreement.[7] "During negotiation of the settlement agreement, [Plaintiff's counsel] emailed [Defendant's counsel] stating that '[i]n Paragraph 7, I added the clean work record provision we had discussed,' and that [Defendant's] counsel responded 'No problem with expungement.'"[8] Plaintiff now seeks to amend his complaint to add claims of fraud in the inducement and negligent misrepresentation because, as Plaintiff claims, "Defendant never disclosed [its materially different] interpretation to Plaintiff before the parties signed the agreement."[9]

4. In its motion for leave to amend the complaint, Plaintiff argues that he should be granted leave to add claims of fraud in the inducement and negligent misrepresentation because, as Plaintiff claims, "Defendant never disclosed [its materially different] interpretation to Plaintiff before the parties signed the

---

[5] *Id.*
[6] *Id.*
[7] Pl.'s Mot. to Amend at 3.
[8] Def.'s Resp. at 1.
[9] Pl.'s Mot. to Amend at 3.

agreement."[10] Plaintiff also asserts that it may seek a these tort claims in addition to a breach of contract claim because, as he contends, the alleged misrepresentation here is "independent from acts that breached the contract."[11] Plaintiff argues that, to be "sufficiently independent from the acts that breached the contract," the representations must be "verifiably true or false at the time the representation was made."[12] Plaintiff contends that "whether Defendant had a "problem" with the requirement imposed by Plaintiff's proposed language was verifiably true or false at the time the representation was made . . . ."[13]

5. In response, Defendant makes two arguments in support of denial due to futility. First, Defendant argues that Plaintiff may not add these tort claims because they are not independent from the breach of contract claim and states that "under Florida law, one cannot state a claim sounding in tort unless it is independent of the alleged failure to perform the contract."[14] Second, Defendant asserts that Plaintiff's motion should be denied because Plaintiff cannot allege a false statement because a party may not rely on a litigation adversary's representations to establish a fraud claim. Defendant states that, in the context of settlement negotiations, those statements are governed by contract law, not tort.

6. Plaintiff's motion for leave to amend his complaint to add claims of fraudulent inducement and negligent misrepresentation is denied because these tort claims would be subject to dismissal pursuant to Florida law under Rule 12(b)(6) for failure to state a claim and the motion is therefore futile. Plaintiff cannot successfully allege that Defendant made a false statement of material fact, which is an essential element of each tort claim.[15]

---

[10] *Id.*

[11] Pl.'s Reply at 2.

[12] *Id.* at 3.

[13] *Id.* at 4.

[14] Def.'s Resp. at 1.

[15] Pl.'s Reply at 1-2 (quoting *Simon v. Celebration Co.*, 883 So.2d 826, 832 (Fla. Dist. Ct. Ap., 5th Dist. 2004)) (setting forth the elements of a fraudulent inducement claim)

In order to assert a viable claim of fraudulent inducement under Florida law, "a plaintiff must allege that: (1) the defendant made a false statement regarding a

4

A recent Florida case, *Moriber v. Dreiling*, spoke to this issues in this motion.[16] *Moriber* held that, "as a matter of law, a plaintiff may not rely on statements made by litigation adversaries to establish fraud claims."[17] The court in *Moriber* held that "[i]n the context of settlement agreements, one party certainly may insist upon certain assurances from the other party[,] . . . however, such assurances are better enforced through contract princip[les] . . . rather than fraud claims."[18] According to the court in *Moriber*, a party may not rely on *any* representations made by" the opposing party.[19] The *Moriber* court held that, even if the defendant knew that the statement was false, the plaintiff could not have relied on that statement to set forth a fraud claim.[20] Plaintiff may thus not rely on Defendant's counsel's statement that there was "no problem with expungement" in order to potentially establish a fraud in the inducement or negligent misrepresentation claim. Under Florida law, an assurance made by a litigation adversary, such as here, is controlled by contract, not tort, law.

---

material fact; (2) the defendant knew that the statement was false when he made it or made the statement knowing that he was without knowledge of its truth or falsity; (3) the defendant intended that the plaintiff rely and act on the false statement; and (4) the plaintiff justifiably relied on the false statement to his detriment."

*id.* at 2 (quoting *Simon v. Celebration Co.*, 883 So.2d 826, 832 (Fla. Dist. Ct. Ap., 5th Dist. 2004)) (setting forth the elements of a negligent misrepresentation claim)

In order to assert a claim of for negligent misrepresentation under Florida law, "a plaintiff must allege in his complaint that: (1) the defendant made a misrepresentation of material fact that he believed to be true but which was in fact false; (2) the defendant was negligent in making the statement because he should have known the representation was false; (3) the defendant intended to induce the plaintiff to rely [sic] on the misrepresentation; and (4) injury resulted to the plaintiff acting in justifiable reliance upon the misrepresentation."

[16] 194 So. 3d 369 (Fla. Dist. Ct. App. 2016), *reh'g denied* (May 27, 2016).

[17] *Id.* at 373. *Moriber* was decided by the District Court of Appeals of Florida, the state's second highest court. Thus, this Court, in its application of Florida law, accepts *Moriber* as the law of Florida.

[18] *Id.* at 374.

[19] *Id.* at 370 (holding that "as a matter of law, Ms. Moriber could not have relied upon any representations made by the Decedent, thereby precluding Ms. Moriber's fraud claims.") (emphasis added).

[20] *Id.* at 373 (holding that "even if affirmative misrepresentations were made to Ms. Moriber, Ms. Moriber could not, as a matter of law, rely upon such misrepresentations.").

7.    In his Reply Brief, Plaintiff did not rebut this argument raised by Defendant in its Response. At oral argument, Plaintiff did not contest Defendant's position that, if this Court were to follow *Moriber*, that *Moriber* requires denial of the motion to amend (other than to point out that *Moriber* was not a decision of the Florida Supreme Court).

8.    In reaching this result, this Court is mindful that Plaintiff has asserted from the beginning that he was taken by surprise when he was cross-examined at the maritime hearing with documents that he asserts he thought Defendant had agreed to "expunge," but for purposes of the instant motion, this Court finds *Moriber* dispositive.[21]

Accordingly, Plaintiff's motion for leave to amend the complaint is **DENIED.**

**IT IS SO ORDERED.**

Richard R. Cooch, J.

cc: Prothonotary

---

[21] Three cases have followed *Moriber* on the issue that a party may not rely on litigation adversaries' statements to establish fraud claims. *See, e.g., Diaz v. Kosch*, 2018 WL 2945390, at *9 (Fla. Dist. Ct. App. June 13, 2018); *Brier v. De Cay*, 2017 WL 1164724, at *5 (N.D. Fla. Mar. 1, 2017); *In re Tomlin*, 2016 WL 1317412, at *27 (Bankr. E.D. Ky. Mar. 31, 2016).