DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**LUIS H. MORALES** and **CECILIA MORALES,**
Appellants,

v.

**FIFTH THIRD BANK,**
Appellee.

No. 4D18-3145

[July 3, 2019]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; David A. Haimes, Judge; L.T. Case No. CACE11012434.

Paul Alexander Bravo, Ricardo R. Corona and Ricardo M. Corona of the Corona Law Firm, P.A., Miami, for appellants.

Shaib Y. Rios and Michael W. Smith of Brock & Scott, PLLC, Fort Lauderdale, for appellee.

WARNER, J.

Appellant borrowers appeal from a final judgment on a promissory note entered in favor of the lender regarding the borrowers' default on a loan to buy an empty lot. Appellants argue, among other things, that the trial court erred by denying their motion for involuntary dismissal because the Bank failed to plead breach of a loan modification agreement. We agree, reversing and remanding for entry of involuntary dismissal.

In 2005, appellants executed an adjustable rate note in the amount of $125,000 in favor of the appellee, Fifth Third Mortgage Company. The beginning interest rate under the note was 7.875%. Appellants defaulted on the loan. In 2008, they entered into a loan modification agreement that changed the terms of the loan to a fixed interest rate of 6.5% and lowered their monthly payments. The parties agreed that the unpaid principal balance on the note was $120,105.90.

Appellants defaulted again, and in 2011, Fifth Third Bank, a separate entity from appellee and servicer of the note, filed suit to accelerate payment under the note. The complaint was amended a few times, and in

the second amended complaint, appellee filed suit under its own name. Appellee attached a copy of the adjustable rate note to this complaint, but appellee neither mentioned the modification nor attached it to the complaint.

The borrowers answered, listing as an affirmative defense that appellee failed to properly credit the borrowers' account with the collected payments. In reply, appellee filed a copy of the payment history on the note, but appellee again did not mention the modification. The payment history reflects the 2008 modification and decreased monthly payments on the note.

Appellee unsuccessfully moved for summary judgment, attaching an affidavit in support of the motion showing the 6.5% interest rate under the modification. In connection with the motion, appellee filed the original adjustable rate note, as well as the 2008 modification that is signed by appellants and shows the fixed interest rate.

After a continuance, the case proceeded to trial in 2017, where the court received into evidence a copy of the note, default letter, judgment figures, and payoff interest details. Final judgment was entered in favor of appellee, and the borrowers appealed. In *Morales v. Fifth Third Mortgage Co.*, 238 So. 3d 280 (Fla. 4th DCA 2018), we reversed and remanded for a new trial because the trial court violated the best evidence rule by admitting a copy of the note instead of the original.

In 2018, the case again proceeded to trial, which led to the instant appeal. The trial court noted that the original note was filed and that the modification was attached to it. Appellee presented only one witness, an employee of Fifth Third Bank who worked as a litigation portfolio analyst. The witness identified the original, adjustable rate note. However, when appellee moved to enter the modification into evidence, the borrowers objected, arguing that appellee was required to amend its complaint to plead a theory of recovery under the modification. The court disagreed and allowed the modification into evidence. Appellee then moved the demand letter and payment history into evidence.

The witness testified that the loan was in default, and no payments were made since 2009. During cross-examination by the borrowers, the witness stated that the amounts that appellee was seeking to recover were based on the modification.

After appellee rested, the borrowers moved for involuntary dismissal. They contended, among other things, that appellee did not conform the

2

pleadings to the evidence, that the modification upon which appellee relied was neither pled nor attached to the operative complaint, and that it would be error for the court to allow appellee to amend its complaint to conform to the evidence. Appellee responded that it was suing on the original note, and the modification was neither a negotiable instrument nor the operative document in the case. Appellee's counsel agreed with the court that it was not seeking to amend its complaint, but it was relying on the original note. The court denied appellants' motion for involuntary dismissal.

The borrowers then called appellee's witness to testify again. The witness stated that the original note was an adjustable rate note, but its terms were modified in 2008. The amounts sought under the payment history and the default letter were based on the terms of the modification. During cross-examination by appellee, she reiterated that the amounts due and owing were based on both the note and the modification.

In closing argument, defense counsel again sought involuntary dismissal because appellee had relied on the modification, but it had failed to plead it or attach it to the complaint. The court again noted that the appellee was not seeking to amend its complaint. The court denied dismissal.

The court entered judgment in favor of the appellee, finding that the parties entered into a contract, which terms were shown by the note and modification entered into evidence, and that the borrowers owed $195,685.84 in principal, interest, fees, and costs. This appeal followed.

This court reviews de novo the denial of a motion for involuntary dismissal, and we must view the evidence in the light most favorable to the nonmoving party. *Rattigan v. Cent. Mortg. Co.*, 199 So. 3d 966, 966-67 (Fla. 4th DCA 2016). If an issue is not raised by the pleadings, it may be tried by the parties' express or implied consent; however, if a party objects to evidence on an unpled issue, then the court may allow the pleadings to be amended to conform with the evidence only if there is no prejudice to the objecting party. Fla. R. Civ. P. 1.190(b). A final judgment is void and violates due process where it grants relief that was neither pled nor tried by the parties' consent. *See Wachovia Mortg. Corp. v. Posti*, 166 So. 3d 944, 945-46 (Fla. 4th DCA 2015).

We agree with appellants that because the appellees based their case at trial on the note and the modification, and the operative complaint neither mentioned nor attached the modification, we must reverse and remand for entry of involuntary dismissal. *See* Fla. R. Civ. P. 1.130(a) ("All bonds, notes, bills of exchange, contracts, accounts, or documents on

which action may be brought or defense made, or a copy thereof or a copy of the portions thereof material to the pleadings, must be incorporated in or attached to the pleading."); *cf. Johnson v. Deutsche Bank Nat'l Trust Co. Am.*, 248 So. 3d 1205, 1209-10 (Fla. 2d DCA 2018) (commenting that a plaintiff must reference the loan modification on which the foreclosure case is based and attach it to its pleading, but finding the issue was waived because the borrowers never objected to the pleading impropriety).

In *Tracey v. Wells Fargo, N.A., as Trustee for Certificateholders of Banc of America Mortgage Securities, Inc.*, 264 So. 3d 1152, 1154, 1157 (Fla. 2d DCA 2019), the Second District found that the trial court erred by allowing the lender in a foreclosure action to amend its complaint to conform with the evidence and to base its recovery on two unpled loan modification agreements. The modifications were not mentioned in nor attached to the operative, amended complaint, and the borrower failed to raise the modifications as a defense. *Id.* at 1154. Nevertheless, at trial, the Bank relied on the modifications, arguing that the borrower was not prejudiced because the modifications were attached to the Bank's original, abandoned pleading. *Id.* The borrower objected that she never prepared a defense based on the abandoned theory of recovery. *Id.* The trial court allowed the Bank to amend its pleadings, and it entered final judgment in favor of the Bank based on the original note and the modifications. *Id.* On appeal, the Second District reversed and remanded for involuntary dismissal in favor of the borrower. It held that the borrower clearly suffered prejudice when the trial court allowed the Bank, over objection, to amend its complaint to conform to the evidence, and the court noted that "pleadings function as a safeguard of due process by ensuring that the p[arties will have prior, meaningful notice of the claims, defenses, rights, and obligations that will be at issue when they come before a court." *Id.* at 1155-57, 1169.

The present case is similar to *Tracey*, as appellee failed to plead its theory of recovery based on the modification. Notably, during trial, appellee's counsel agreed that appellee was not seeking to amend its complaint based on the modification, but it was relying on the original note. Nevertheless, appellee's witness testified repeatedly that the amount sought was based on the modification and its rate of interest.

Appellee counters that the court properly entered judgment in its favor because a modification is an affirmative defense that must be pled by a defendant borrower to avoid liability. It mainly relies on *Bank of New York Mellon for Certificateholders of CWABS, Inc., Asset-Backed Certificates, Series 2005-BC5 v. Bloedel*, 236 So. 3d 1164 (Fla. 2d DCA 2018). There, the Bank appealed a final judgment denying foreclosure and granting the

4

borrower's motion for involuntary dismissal. *Id.* at 1165. At trial, the Bank's only witness, an employee of the servicer, testified that the servicer received a few payments on the loan that were reduced and that reflected a trial modification agreement. *Id.* at 1165-66. This was the first reference to the modification, and although the borrower did not raise the issue of the modification as an affirmative defense, he argued that the Bank's complaint should be involuntarily dismissed because the Bank failed to offer the modification into evidence, to mention it in its pleadings, and to attach it to its complaint. *Id.* at 1166. The trial court found that a copy of the modification should have been attached to the lender's complaint, and the Bank failed to allege and to prove a breach of the modification. *Id.* On appeal, the Second District reversed, finding that while the issue of the modification was not raised in the pleadings, "[t]he effect of a modification to a legal agreement, *to the extent it would constitute an avoidance of all or part of a defendant's liability under the agreement,* is an affirmative defense that must be pled and proved by the defendant" under Florida Rule of Civil Procedure 1.110(d). *Id.* at 1166-67 (emphasis added). Thus, because the borrower asserted the modification as an avoidance of liability, he had the burden to plead and prove the existence of the modification. *Id.* at 1169-70.

The present case is distinguishable from *Bloedel.* There, the borrower sought to avoid liability based upon the modification, but the bank did not rely on the modification in its case. In *Bloedel,* the court noted that "it would have been a very different matter had [the Bank] premised its claim or right of recovery on a modification to its note. In that instance, it would have fallen to [the Bank] to adequately plead the modification agreement within its complaint" under Florida Rule of Civil Procedure 1.130. *Id.* at 1168 n.5. This statement presents the exact circumstance of the present case. In this action, appellee certainly premised its recovery on the modification and the amounts due thereunder. The appellee was required to plead the loan modification and to attach a copy to the complaint.

The borrowers were prejudiced by the failure to plead the loan modification. The complaint sought recovery only under the original note, which had a higher initial rate but was adjustable. As noted by the borrowers, the adjusted loan rate of the original loan may have been significantly lower than the stated rate in the loan modification, given the low interest rates over the past decade. The appellee presented no proof consistent with the terms of the original loan, instead relying on both the total amount due and the rate of interest in the modification. The borrowers were thus on notice through the pleadings to defend on the original note but then required at trial to defend against an entirely different instrument.

5

The question is: What directive should be given on remand?  In *Tracey* the court provided a thoughtful analysis of appellate remand.  It held:

> We hold that when fashioning remand for a civil appeal where the party with the burden of proof fails to sufficiently plead the claim it presents at trial or to establish a basis in admissible evidence for a claim at trial, an appellate panel may exercise some level of equitable discretion to consider the circumstances of the particular case.  This discretion is bounded both by the substantive relief sought within the appeal and the strong preference for finality of trial proceedings.  The prohibition against proverbial multiple "bites at the apple" for trials remains firmly rooted as the leading, guiding principle to govern the scope of remand and should serve as the default direction when these kinds of decisions are being made.  We agree with how the [court in *Morton's of Chicago, Inc. v. Lira*, 48 So. 3d 76, 79-80 (Fla. 1st DCA 2010)] put it: only "exceptional legal or factual" circumstances will justify a deviation from this general prohibition.  48 So. 3d at 80.

*Tracey*, 264 So. 3d at 1168.  We agree with *Tracey's* holding.

Applying that to the present case, we conclude that we should direct involuntary dismissal of the complaint on remand.  Without pleading the modification, the appellee failed to present evidence to support the case that it did plead on the original note.  It affirmatively refused to amend its pleading to state the case it sought to prove.  Because of the appellee's failures, the borrowers have been compelled to defend against two trials.

Accordingly, we reverse and remand with directions for the trial court to enter an involuntary dismissal in favor of appellants.

GERBER and CONNER, JJ., concur.

\*          \*          \*

***Not final until disposition of timely filed motion for rehearing.***

6