DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MTGLQ INVESTORS, LP,**
Appellant,

v.

**SILVIA LEONES** a/k/a **SILVIA LENEONES** and **ARTURO CIENFUEGOS**
Appellees.

No. 4D19-3872

[April 7, 2021]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Frank David Ledee, Judge; L.T. Case No. CACE 16-003787 (11).

Richard S. McIver of Kass Shuler, P.A., Tampa, for appellant.

Jonathan H. Kline and Joseph G. Paggi III, of Jonathan Kline, P.A., Weston., for appellees.

CONNER, J.

Appellant, MTGLQ Investors, LP ("the Bank"), appeals the final judgment in the underlying residential foreclosure action in favor of appellees, Silvia Leones and Arturo Cienfuegos ("the Borrowers"). The Bank raises multiple arguments for reversal. We agree with the Bank's argument that the trial court erred in concluding the Bank failed to state a cause of action for foreclosure because the Bank had not alleged a modification in the complaint, where (1) the Bank had not based its claim or evidence on the loan modification agreement, (2) the trial court found that the modification had been cancelled, and (3) the evidence established the Bank's entitlement to judgment absent the modification. We reverse the final judgment and remand with instructions for the trial court to enter a final judgment in the Bank's favor.

*Background*

This appeal arises out of a residential foreclosure action which the Bank's predecessor in interest initiated against the Borrowers. The complaint alleged that the Borrowers defaulted on the terms of their note

and mortgage by failing to make payments due. The Bank was later substituted as the plaintiff.

The Borrowers raised several affirmative defenses, including: (1) accord and satisfaction, in which the Borrowers asserted the original loan documents had been modified by a loan modification agreement; (2) novation, in which the Borrowers again asserted the original note and mortgage had been modified; and (3) failure to state a cause of action.

The matter proceeded to a nonjury trial. At the start of the trial, the Bank explained this was a mortgage foreclosure case against the Borrowers based upon their default on the note and mortgage. During the Bank's case in chief, the Borrowers objected to the introduction of the original note and mortgage into evidence, without the addition of the loan modification agreement. The Bank maintained that it was proceeding under the terms of the original loan. The trial court overruled the Borrowers' objections, and the note and mortgage were admitted.

During the Borrowers' case in chief, they both testified that their loan was modified, and the loan modification agreement was then admitted into evidence.

Review of the record reflects that the Bank's trial counsel had initially argued to the court that no loan modification occurred. However, the Bank's counsel eventually clarified its position, stating that no *enforceable* loan modification occurred. Specifically, the Bank maintained a loan modification may have occurred, but it had been cancelled by oral agreement of the parties, and the terms of the original note and mortgage had been restored. Thus, counsel explained that the Bank was not seeking relief under breach of a loan modification agreement.

The Bank then presented rebuttal evidence to support this position. The Bank's rebuttal evidence included the testimony of its former servicer's operations senior specialist, who testified to notations in the servicing platform indicating the servicer had been advised that the Borrowers did not like the loan modification's terms and had not made any payments on it. She also testified that the payment history showed that a modification in the loan's terms had been made to the loan payment history, but that those changes were subsequently reversed, and the original loan's terms were restored. She confirmed that this adjustment meant the loan modification was reversed.

The Bank's rebuttal evidence also included the testimony of its current loan servicer's assistant secretary of legal proceedings and records

custodian, who testified that if a prior servicer modified the loan and then changed it back to the original terms, the transaction history would show the original terms and not the modification terms. He testified that in this case, the transaction history reflected the adjustable interest rate per the note's terms, and not the loan modification agreement's fixed interest rate.

Finally, the Bank recalled the Borrowers who admitted they did not make any payments on the loan modification agreement. When confronted with his prior deposition testimony, Mr. Cienfuegos agreed he had testified that the loan modification terms were "really bad" and that the Borrowers believed if they did not make the modified payments, the loan would revert back to its original terms.

In closing argument, the Bank reiterated its position that no enforceable loan modification occurred because it was cancelled by the parties who did not want to participate in the loan modification and that the loan reverted to the original terms of the note and mortgage, which were the terms upon which the Bank pleaded and proved its case in chief. Additionally, the Bank argued that the two affirmative defenses concerning the loan modification: (1) accord and satisfaction, and (2) novation, failed.

In their closing argument, the Borrowers contended the Bank had not proven the loan modification was orally cancelled by the parties. Notably, the Borrowers conceded that the Bank had proven all of the other foreclosure elements, but argued that pursuant to their affirmative defense of "failure to state a cause of action," by failing to plead the breach of a loan modification agreement or the existence thereof, the Bank's pleadings failed to state a cause of action on the loan modification.

When the trial court asked the Bank's counsel why the Bank did not address the loan modification in its complaint, the Bank's counsel explained that there was no reason to do so because no enforceable loan modification occurred and the Bank was therefore suing on the original note and mortgage.

The trial court orally pronounced its findings, ultimately finding that the Bank had proven each element of a foreclosure action by a preponderance of the evidence and that the Borrowers proved the existence of a loan modification. As to the affirmative defenses, the trial court ruled that the accord and satisfaction and novation defenses failed. However, as to the Borrower's defense of failure to state a cause of action, the trial court concluded that, although the modification was no longer enforceable, the Bank should have nevertheless pled its existence. Notably, the trial court made clear on the record that it was finding "that

3

there was a cancellation" of the loan modification based on the Bank's rebuttal evidence and that there was no doubt about the cancellation. Nonetheless, the trial court explained the issue was one of a technicality, a failure to plead the modification and the subsequent cancellation, both of which the trial court found had been established.

However, the Bank's position was that because the trial court found the Bank had pleaded and proven the elements of the foreclosure action and that the loan modification had been cancelled, the trial court should enter final judgment in its favor. The trial court disagreed and entered final judgment for the Borrowers, incorporating its findings at trial into the final judgment.

The Bank gave notice of appeal.

*Appellate Analysis*

Issues pertaining to the sufficiency of the complaint are reviewed de novo. *Donado v. PennyMac Corp.,* 174 So. 3d 1041, 1042 (Fla. 4th DCA 2015); *Rubenstein v. Primedica Healthcare, Inc.,* 755 So. 2d 746, 748 (Fla. 4th DCA 2000). "Additionally, '[t]he standard of review of a trial court's interpretation of the rules of civil procedure is de novo.'" *Donado,* 174 So. 3d at 1042 (alteration in original) (quoting *R.T.G. Furniture Corp. v. Coates,* 93 So. 3d 1151, 1153 (Fla. 4th DCA 2012)).

The Bank argues that the trial court erred in concluding that it failed to state a cause of action for foreclosure because it did not allege the modification in its complaint. The Bank maintains, as it did below, that there was no reason for it to allege the loan modification in its complaint where the Bank was not proceeding on a breach of the loan modification agreement because the modification had been cancelled and the loan's original terms were restored.

"A complaint need only state facts sufficient to indicate that a cause of action exists *and need not anticipate affirmative defenses.*" *Hammonds v. Buckeye Cellulose Corp.,* 285 So. 2d 7, 11 (Fla. 1973) (emphasis added); *Ervans v. City of Venice,* 169 So. 3d 267, 268 (Fla. 2d DCA 2015) (same). Additionally, "[t]he effect of a modification to a legal agreement, to the extent it would constitute an avoidance of all or part of a defendant's liability under the agreement, *is an affirmative defense that must be pled and proven by the defendant.*" *Bank of N.Y. Mellon v. Bloedel,* 236 So. 3d 1164, 1167 (Fla. 2d DCA 2018) (citing Fla. R. Civ. P. 1.110(d)).

We agree with the Bank that in this case, the loan modification was an affirmative defense to be pled and proven by the Borrowers, not the Bank. As the Bank acknowledges, had it premised its claim for recovery on the loan modification, then in that scenario, the Bank would have been required to adequately plead the modification in its complaint. However, the Bank's case was not for breach of the modification agreement, which the trial court determined was unenforceable. Thus, there was no requirement for the Bank to plead the modification and subsequent cancellation thereof.

The Second District's decision in *Bloedel* is instructive in this regard. There, the Second District held that the defendant mortgagor bore "the burden of pleading and proving the existence of a modification to the note that was the subject of the lawsuit against him." *Bloedel*, 236 So. 3d at 1170. It reasoned,

> if Mr. Bloedel wished to be heard on the effect that a modification agreement (temporary or otherwise) might have had upon Bank of New York's claim, it fell to him—not the bank—to frame that defense within his pleadings. He failed to do so. It was error for the circuit court to take that pleading burden from Mr. Bloedel and ascribe it to Bank of New York.

*Id.* at 1168. Importantly, the Second District also noted:

> *Of course, it would have been a very different matter had Bank of New York premised its claim or right of recovery on a modification to its note. In that instance, it would have fallen to Bank of New York to adequately plead the modification agreement within its complaint.* . . . Here, however, the issue of a temporary modification agreement is not one that Bank of New York sought to raise; it was asserted by Mr. Bloedel for the purpose of avoiding or limiting the claim Bank of New York did raise.

*Id.* at 1168 n.5. (emphasis added).

The Second District also clarified the holding of *Kuehlman v. Bank of America, N.A.*, 177 So. 3d 1282 (Fla. 5th DCA 2015), concerning the subject of who must plead the issue of modification:

> In *Kuehlman v. Bank of America, N.A.*, 177 So. 3d 1282, 1283 (Fla. 5th DCA 2015), the court remarked that *where a modification agreement has been made a lender can "only*

5

*foreclose by alleging and proving a breach of the modification
agreement." Since the lender in Kuehlman failed to plead a
breach of the modified loan agreement or have the issue tried
by consent, the Kuehlman court concluded that the lender could
not foreclose upon its original mortgage. Id.*

Now it is not clear what prompted these observations about
the failure of the lender to raise the issue of a modification
agreement in its pleading since the manner in which the
*Kuehlman* opinion framed both the question on appeal and its
resolution revolved around the substantive issue of whether
the homeowner and lender had, in fact, entered into a
modification agreement. *Id.* . . . Regardless, we are certain
that neither *Kuehlman* nor this court's parenthetical citation
to *Kuehlman* in *Nowlin*[ *v. Narionstar Mortgage, LLC*], 193 So.
3d [1043, 1046 (Fla. 2d DCA 2016)], purported to recede from
*long-settled law that modification, when asserted as an
avoidance of liability, is an affirmative defense.*

*Bloedel*, 236 So. 3d at 1169-70 (emphases added) (footnote omitted).

Similarly, just as the plaintiff bank in *Bloedel* did not rely on the
modification to establish its right of recovery, neither did the Bank in this
case rely on the modification to establish its right to recovery, where the
modification had been cancelled and the Bank's suit was premised on the
default of the original loan documents rather than a breach of the
modification. Therefore, just as the pleading requirement did not fall on
the bank in *Bloedel*, which did not premise its claim on the modification,
there was likewise no requirement for the Bank in this case to plead the
unenforceable modification, which had no bearing on the basis of its claim.

One of the other cases discussed by the parties below was our decision
in *Morales v. Fifth Third Bank*, 275 So. 3d 197 (Fla. 4th DCA 2019).
However, *Morales* is distinguishable. There, the bank presented evidence
at trial based on a loan modification, which it did not plead in its
complaint. *Id.* at 198. We determined that the bank's failure to plead a
theory of recovery on the loan modification warranted an involuntary
dismissal of its action against the borrowers to collect the outstanding loan
balance. *Id.* at 200. In *Morales*, because the bank based its "case at trial
on the note and the modification, and the operative complaint neither
mentioned nor attached the modification," reversal for entry of an
involuntary dismissal was appropriate. *Id.* at 199. Notably, we
distinguished those facts from those in *Bloedel*, explaining that in *Bloedel*,
"the borrower sought to avoid liability based upon the modification, but

6

the bank did not rely on the modification in its case." *Id.* at 200. We agreed with the holding in *Bloedel* that "because the borrower asserted the modification as an avoidance of liability, he had the burden to plead and prove the existence of the modification." *Id.* However, we noted that *Bloedel* also recognized that this conclusion would be different had the bank been the party to premise its claim or right of recovery on the modification. *Id.* at 200-01. This was the exact circumstance of *Morales*, where it was the bank that premised its recovery on the modification and the amounts due thereunder, such that the bank was therefore required to plead the modification in its complaint. *Id.* at 201.

However, in this case, because the Bank did not base its claim or evidence on the loan modification, but rather on the original note and mortgage, the Bank was not required to plead the loan modification. Rather, as the Borrowers raised the loan modification as an affirmative defense, the burden of pleading the loan modification fell to them. Nor was the Bank required to plead the cancellation of the loan modification in order to prevail. *See Hammonds*, 285 So. 2d at 11. Notably, the record reflects that the trial court found that the Bank proved the case it pled for foreclosure, and did not attempt to prove a theory which it did not plead. As such, we determine there was no basis for the trial court's finding that the Bank failed to state its cause of action.

Moreover, in addition to there being no requirement for the Bank to plead the loan modification or cancellation thereof, where the trial court determined that the loan modification pleaded by the Borrowers was not enforceable, the Borrowers failed to establish how the cancelled loan modification would result in an avoidance, justification, or excuse of their liability such as to warrant judgment in their favor. *See State Farm Mut. Auto. Ins. Co. v. Curran*, 135 So. 3d 1071, 1079 (Fla. 2014) ("An affirmative defense is a defense which admits the cause of action, but avoids liability, in whole or in part, by alleging an excuse, justification, or other matter negating or limiting liability.") (quoting *St. Paul Mercury Ins. Co. v. Coucher*, 837 So. 2d 483, 487 (Fla. 5th DCA 2002)).

Consequently, where there was no basis for finding that the Bank failed to state its cause of action and where the trial court found that the modification had been cancelled and that the Bank had proven all of the elements of its foreclosure claim, we conclude that the Bank was entitled to judgment in its favor. We therefore reverse and remand with instructions for the trial court to enter final judgment in favor of the Bank.

*Reversed and remanded with instructions.*

CIKLIN and KLINGENSMITH, JJ., concur.

* * *

***Not final until disposition of timely filed motion for rehearing.***